Fee, &c., v. Taylor.

CASE 38—CONTESTED WILL—OCTOBER 10.

# Fee, &c., v. Taylor.

APPEAL FROM KENTON CIRCUIT COURT.

1. WILLS—BURDEN OF PROOF.—When the due execution of a paper,
   rational in its provisions, and consistent in its details, language and
   structure, has been proved, the propounder has made out a *prima
   facie* case, and the burden of showing that the testator was not of
   sound and disposing mind when the writing was executed shifts
   to the contestant.

2. PROOF OF HANDWRITING.—The general rule is, that a witness who
   is introduced to prove the handwriting of a person must have per-
   sonal knowledge of it, either by having seen him write, or by hav-
   ing seen writing admitted by him to be his, or with his knowledge
   acted upon as his or so adopted into the ordinary business of life

83  259
95  131

83  259
f101  73
101  74

83 259
111 244
111 246

83  259
118 324

as to create a reasonable presumption of its genuineness. The opinion of experts as to the genuineness of the writing in dispute, formed by a comparison with other writings próved or admitted to be genuine, is not admissible unless the writing is so old that living witnesses can not be had, and yet is not old enough to prove itself.

3. EVIDENCE.—Several letters having been offered in the county court as forming together the will of the writer, although the propounder put but ône of them in issue upon appeal to the circuit court, it was competent for the contestants to show that the propounder had so offered the others, testifying that they were wholly in the handwriting of the decedent, and then to show that the decedent had not written the testamentary parts thereof.

4. ONE PART OF A CORRESPONDENCE BEING IN EVIDENCE, the other part should have been admitted, the correspondence being of such a connected character that the whole was necessary to properly enlighten the jury.

T. F. HALLAM FOR APPELLANTS.

1. The motion by defendants for a peremptory instruction should have been sustained, because the propounder failed to adduce any testimony that the deceased was of sound and disposing mind and memory at the time when, if at all, he wrote the alleged will. (Hawkins v. Grimes, 13 B. M., 269.)

2. The facts stated in defendants' petition for a change of venue being conceded, their motion should have been sustained.

3. All of the letters offered for probate in the county court, as forming together one will, were admissible in testimony in the circuit court. The propounder having chosen to litigate whether the whole of them was one will, could not, on appeal, suppress such part as was damaging. (Barbage v. Squires, 3 Met., 79; Powers v. Sutherland, 1 Duv., 153; Haynes v. Haynes, 33 Ohio St., 617; Creswell, &c., v. Jackson, &c., 4 Foster & Finlayson, 1; Tibbatts v. Berry, 10 B. M., 476.)

CLEARY, HAMILTON AND CLEARY FOR APPELLEE.

Brief withdrawn.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellee, Hattie Taylor, on February 27, 1882, made a motion in the Kenton County Court to probate four letters from John B. Fee to her, dated respectively January 4, 1880, July 8, 1880, January 2, 1881, and June 30, 1881, as his last will. The appel-

lees, his two sisters, objected, claiming that so much of the first and two last above-named letters as was. of a testamentary character had been forged; and. that the other letter, dated July 8, 1880, was a forgery *in toto*.

Upon hearing, the county court probated the last. named one and that of January 4, 1880; and from. this judgment the appellants appealed to the circuit. court, and then applied for a change of venue, which was properly refused. The appellee then filed a statement to the effect that she offered for probate only the letter of July 8, 1880, and would not offer that. dated January 4, 1880; but was willing the court. should reject the latter or direct the jury to find that. it was not the last will of the decedent. The parties. then went to trial, resulting in a finding that the letter of July 8, 1880, was such last will; and we are now asked to review the case upon an assignment. of only one hundred and three errors. We shall only notice such as are deemed material. It is urged that. the peremptory instruction to find for the appellants. should have been given, because no testimony whatever was offered to show soundness of mind of the writer when the letter of July 8, 1880, was written. When, however, the due execution of a paper, rational in its provisions, and consistent in its details, language and structure, has been proven, the propounder has made out a *prima facie* case; and the burden of showing that the testator was not of a. sound and disposing mind when the writing was executed shifts to the contestant. The third instruction given by the court conformed to this rule. The ap-

pellants offered to show, by experts, by what is commonly known as a comparison of hands, and who did not know the handwriting of the deceased, that the paper in contest was not genuine.

The letter written by the deceased on July 3, 1880, and which was proven and admitted to be genuine, had been properly allowed to go to the jury as evidence, as it was referred to in the one of July 8th; and they proposed to so show, not only by a comparison between it and the disputed one, but between the latter and the other three letters that had been offered for probate in the county court.

Witnesses were at hand and had already testified, who knew the handwriting of the deceased. Any necessity, therefore, for such a course, even if it were allowable, did not exist.

The general rule is, that a witness who is introduced to prove the handwriting of a person, must have personal knowledge of it, either by having seen him write, or by having seen writing admitted by him to be his or, with his knowledge, acted upon as his, or so adopted into the ordinary business of life as to create a reasonable presumption of its genuineness. The exceptions to this rule as given by Mr. Greenleaf, in the first volume of his work upon evidence, section 577, are, first, where the paper is not old enough to prove itself, and yet is so old that living witnesses can not be had; then other writings, proven to be genuine, or to have been treated and acted upon as such by all parties, may be offered, and experts may, by comparison, give their opinion as to the genuineness of the writing in question; or second, where

other writings admitted to be genuine are already in the case; and then the jury may make the comparison with or without the expert aid.

The civil and ecclesiastical law permitted the testimony of experts as to handwriting by comparison. The rule in this country varies in the different States. In some of them the comparison is allowable between the writing in question and any other writing shown to be genuine, whether it be already in the case or not, or relevant or not; while in others it is only permitted as between the disputed paper and one already in the case and relevant to it. Under the rule as adopted in this State, however, the last exception *supra*, and which allows comparison by the jury with or without the aid of experts, is not recognized, the reason doubtless being that no necessity exists for it when witnesses are at hand who know the handwriting. (Hawkins v. Grimes, 13 B. M., 257.)

In view of the necessarily uncertain character of such expert testimony, and the fact that as the media of evidence are multiplied the chances of mistake are increased, we regard this as the correct rule; but we must not be understood as holding that an expert may not testify as to differences in the letters or words, or speak of other facts as they appear to him upon the face of a writing.

The court below, however, refused to permit the appellants to offer in evidence the other three letters which had been offered in the county court by the appellee as being, together with the letter of July 8, 1880, the will of the decedent, or to show that she had so offered them, and had herself testified that they

were wholly in the handwriting of the decedent; and to then show (as they claimed they could) that he had not written the testamentary parts thereof.

It is true that these papers were not then in issue. Even one of the two that had been probated in the county court was not, because the appellee had, as she had a right to do, elected not to rely upon it. But by so doing she could not deprive the appellants of the right to use them as testimony if they were competent and they so desired. Evidence, to be admissible, must be pertinent to the issue. If it relates to the transaction under consideration, or is connected with it and is not too remote, it is competent. Mr. Wharton says that "it is relevant to put in evidence any circumstance which tends to make the proposition at issue either more or less improbable." (1 Wharton on Evidence, section 21.)

This is unlike the case of a suit upon several notes where the defense is forgery, and the plaintiff dismisses as to three of them. In this instance, all four of the letters were offered by the appellee in the county court as the will of the decedent, with her avowal and testimony by her that they were genuine. This was her act or conduct, and there was, in our opinion, such a connection between them and the transaction or question at issue in the circuit court as rendered the testimony competent.

For illustration merely, suppose that A offers a letter as the will of B, and it is contested by C as a forgery, would not the latter have the right to offer in evidence letters to the same purport that might be found in A's possession, which were efforts

at imitation; and this, too, although A had not of-
fered any of them as the will or as a part of it.

We do not mean to intimate what might have
been the effect of the testimony in question, or
whether, in our opinion, it would have been true
or false, or whether it would or would not have
produced a different result. The issue was of such
a character that it would be improper for us to
attempt to measure its effect. It follows that the
testimony of the witness Van Loo, and the photo-
graphic copies of the letters, were competent evi-
dence for the appellants, provided the court was
first satisfied of their accuracy.

As the case, for the errors above indicated, must
go back for another trial, it is proper for us to say
that, in our opinion, the letters offered by the appel-
lee, which were shown to have been written by her
to the decedent, and to have been in his possession
at his death, were competent evidence. They were
a part of one correspondence of which the other
part was already in evidence, and were of such a
connected character that the whole correspondence
was necessary to properly enlighten the jury.

Judgment reversed, and cause remanded for fur-
ther proceedings in conformity to this opinion.