## Moore, et al. v. Sanders, et al.

(Decided February 29, 1924.)

### Appeal from McCracken Circuit Court.

1. Wills—Not Error to Hear Three Appeals Together.—Where three appeals were in the circuit court from orders of county court in connection with probate of certain papers as the will of a decedent, it cannot be said that the circuit court erred in permitting the three appeals to be heard together, the three proceedings all involving the same estate and the same parties, the matter being within the discretion of that court.

2. Wills—Will Must be Subscribed or Acknowledged in Presence of Attesting Witnesses.—A will was not good where decedent neither signed, subscribed, nor acknowledged it in the presence of either of the attesting witnesses, nor in any manner indicated that she desired them to subscribe their names to her will other than by lying passively in bed, apparently entirely unconcerned as to what was transpiring.

BRADSHAW & MacDONALD and MOCQUOT, BERRY & REED for appellants.

C. C. GRASSHAM, WHEELER & HUGHES, J. L PRICE and COLEMAN & LANCASTER for appellees.

OPINION OF THE COURT BY JUDGE ROBINSON—Affirming.

Mrs. Felicia Ann Bethshares, a widow and resident of McCracken county, Kentucky, died on April 24, 1921, just five days after she had executed a will naming R. L. Reeves and L. D. Sanders, of Paducah, as executors.

Shortly after her death the executors presented a paper bearing date of April 19, 1921, to the judge of the McCracken county court, and upon evidence of Miss Agnes Byrne and Mrs. Edna M. Bockman, the subscribing witnesses, it was probated as the last will of the decedent.

After this was probated an appeal from the order of the county court, was filed in the circuit court by the appellants, attacking certain provisions upon the grounds of undue influence; and later an appeal was filed in the same court by Mrs. Mary Futtrell and Miss Carrie Bethshares from the order of the county court probating the instrument as the last will of decedent, upon the ground that it was not executed as required by the statutes. Then a paper bearing date of April 19,

1917, was offered for probate in the county court as the last will of the decedent; but this tribunal, having heretofore received the other instrument, declined to probate that of 1917, and from this order Mrs. Futtrell and Miss Bethshares appealed to the circuit court, so there appeared three proceedings involving the same estate and affecting the same parties.

As these executors were named in both wills and all the parties were before the court when the matters came on for hearing, they requested that the three appeals be heard together, in which all those interested joined excepting appellants; and over their objections the court directed a joint hearing, and the three appeals proceeded to trial, each retaining its distinct characteristics and the judgments in each being several. Upon the trial, evidence relating to the will of April, 1921, was first introduced, and the court held that as a matter of law it was not executed as the statutes required, and directed the jury to find that it was not the last will of the decedent. A verdict in accordance with these instructions was returned and judgment entered accordingly, to all of which appellants objected.

From the evidence it appears that the paper dated April 17, 1917, was shown to have been written wholly by the decedent and to have been signed by her, and that she was fully competent to make a will—or at least no testimony was tendered to disprove this fact—and after the court peremptorily instructed the jury to find this paper to be the last will of the decedent and judgment was rendered, the appellants excepted. A motion for new trial having been refused, attorneys for appellants cited a number of grounds upon which they relied for a reversal, but they argue two only.

First, that the court should not have heard the three appeals together over their objections.

Second, that the court should not have directed the finding that the 1921 paper was not duly executed as the last will of the decedent, nor that the one of 1917 was duly executed as her last will.

In their contention that the court erred in permitting the three appeals to be heard together, we can scarcely agree with counsel, as a matter of this kind is largely within the discretion of the trial court. In the

case of Hutchison v. Ohio Valley Electric Railway Company, 183 Ky. 396, it is held:

> "It has long been the policy of this state and the practice of its courts as well, to prevent waste of time and unnecessary expense in disposing of litigation by trying, when practicable, several cases together. This is often done where the several causes are of the same nature, or where several actions are brought by one plaintiff against different defendants, or by different plaintiffs against the same or other defendants and the issues are the same in each case."

In Paducah Traction v. Walker's Admr., etc., 169 Ky. 721, the court said:

> "Whether cases by different plaintiffs against the same defendant involving the same issues should be tried together is a matter in the discretion of the trial court, and such discretion will not be interfered with on appeal unless it was clearly abused."
> See also Reid v. Nichols, 166 Ky. 423.

In the case at bar it appears that the three proceedings all involved the same estate and the parties are the same, notwithstanding the fact that the position of the names of some of them in the titles are different, being appellants in the one and appellees in the others. Also two papers are presented, each purporting to be the last will of the decedent and each disposing of the same estate; and appellants claim that the one bearing the latter date is not wholly the will of decedent, as certain provisions thereof do not express her desires; and by reason of the exercise of undue influence of others over her, she was induced to so dispose of her property, while other provisions thereof do express her will. Other parties named as beneficiaries in each of the papers claim that the 1921 instrument was not executed as the statutes require, and that it is wholly void. It is further shown that decedent in 1917 wrote with her own hand and signed a will disposing of the same estate; and as the three appeals involving the same estate came on for trial at the same term of the court, before the same judge and the identical parties are interested in each proceeding, we cannot and do not feel that the court in the exercise of a sound discretion erred in directing that the cases be tried together.

As before stated, the paper purporting to be the last will of Mrs. Bethshares was admitted to probate shortly after her death and some time later the one of 1917 was presented; and a motion was made that the probation of the 1921 will be set aside and that of 1917 be substituted therefor; and upon the refusal of the court so to do, an appeal was taken to the circuit court and evidence heard relative to the instrument of 1921 and the manner or method of its execution. It appears that shortly before April 19, 1921, the testatrix, Mrs. Bethshares, called her banker and financial advisor over the 'phone and requested that he come to her house and bring with him a will that she had left in her strong box some time previously, as she desired to make some changes in it; and upon being told by Mr. Reeves that it was impossible for him to comply with her request at the time, she sent to the bank and the will was delivered to her messenger and taken to the home of Dr. Sanders, who had married her niece and with whom she resided. The evidence does not relate that anything further was done to this paper, nor does it disclose how, or in what manner, or by whom, the second paper was prepared. Nevertheless, a day or so later Dr. Sanders requested Miss Agnes Byrne, an employee of his office, to come to his home and witness a paper said to be the will of Mrs. Bethshares. He also requested Mrs. Bockman to be the other witness, and in their testimony they claim that they were taken by Dr. Sanders to the living-room in his apartment and there told to wait a few moments, and he proceeded to the one occupied by Mrs. Bethshares, who was sick, and confined to her bed. In a few moments he returned and asked them to accompany him to Mrs. Bethshares' room, and after a short conversation, during which no mention was made of the will, Dr. Sanders directed them to sign their names. They further state that while Mrs. Bethshares saw, or could have seen, this action on their part, she said or did nothing to indicate that she either desired them to sign it or that she understood the purpose of their signatures; and that while they recognized the signature as being hers, they did not see her sign it, nor was it evidenced in any manner by her that she had signed it; and during the time they remained in her room no reference whatever was made to the will. The same witnesses further stated on cross-examination that when this will was probated they appeared in the county court

and certain questions were addressed to them by the county judge, but they did not understand them; and even if they had seen the testatrix sign the will or had been requested by her to sign their names as witnesses, or she had said it was her will, and they had answered in the affirmative, it was due to misunderstanding the purport of the questions; and that the testimony later given was a correct version; and the evidence of Dr. Sanders tended strongly to sustain the truth of their statements, as he, upon being questioned, stated that Mrs. Bethshares had signed the will out of the presence and hearing of the witnesses, and that upon calling them into the room he simply requested them to sign the document with no other comment, notwithstanding the fact that he had previously, before going into the room, and out of the presence and hearing of the testatrix, said that they were to sign the will of the decedent as witnesses.

Therefore, we come to the second ground relied upon by appellants, in which they contend that the court should not have directed the finding that the 1921 will was not duly executed as that of decedent, nor that the one of 1917 was duly executed as her last will. However, we cannot agree with this view or believe that under the weight of numerous authorities this last will measures up to the requirements of the statutes relating to instruments of this character, as the paper in question is not holographic, and the evidence is conclusive that the decedent neither signed, subscribed nor acknowledged the paper in the presence of either of the attesting witnesses, nor did she in any possible manner indicate that she desired them to subscribe their names to her will other than by lying passively in bed, apparently entirely unconcerned as to what was transpiring.

It is true that this court has held that in the attestation of wills a special rather than a literal compliance with the statutes only is required; yet it has never indicated that the specific requirements of the statutes, that the will must be signed or subscribed by the testator in the presence of two witnesses, or the will acknowledged by him, may be ignored.

There must be a signing or subscribing of the paper in the presence of two witnesses, or after being signed or subscribed by the testator, it must be acknowledged as his or her will in the presence of two credible witnesses who shall attest the same with their signatures;

and it is conclusively shown that the paper in question was not signed by the decedent in the presence of the attesting witnesses and does not comply with section 4828, Kentucky Statutes, which says:

"No will shall be valid unless it is in writing with the name of the testator subscribed thereto by himself, or by some other person in his presence and by his direction; and, moreover, if not wholly written by the testator, the subscription shall be made or the will acknowledged by him in the presence of at least two credible witnesses, who shall subscribe the will with their names in the presence of the testator."

In the case at bar it will be observed that this alleged will was not written by the testatrix, nor was it acknowledged in the presence of the witnesses; and no matter what may have been the purpose or the intent of the testatrix, the will signally fails to have been executed as prescribed by the statutes. And while in numerous cases wherein the validity of wills is involved this court has held that if the provisions of the statutes are substantially observed in executing the instrument, it should be admitted to probate as a valid will, it is also frequently declared that any material deviation from the manner of execution as required by the statutes would be fatal.

In Limbach, et al. v. Bolin, 169 Ky. 204, the court said:

"A will in order to be valid under section 4828, Kentucky Statutes, if not wholly written by the testator, must be subscribed by him in the presence of two attesting witnesses, or, if not subscribed by him in their presence, it must have his signature attached to it at the time he acknowledged the instrument before such witnesses as his will."

In McKee's Exor. v. McKee, 155 Ky. 743, it is said:

"It is a solemn thing to dispose of one's property by will — especially on a deathbed — and the legislative purpose as clearly evidenced by this statute was to require it to be done in such a way as to eliminate, as far as human laws can, all possibility of fraud, deception, or imposition."

In Denton, etc. v. Franklin, 9 B. Monroe 29, we find:

"It is not necessary to the valid execution of a will that it be subscribed in the presence of the subscribing witnesses, its acknowledgment before them is sufficient."

In Griffith's Executor v. Griffith, 5 B. Monroe 511, it is held:

"It is not sufficient that witnesses subscribe their names to a will as witnesses; they must also attest the signature or acknowledgment of the will by the testator."

The rule as laid down by the statutes and the many decisions cited is so elementary that we do not consider it necessary to call attention to numerous others in recent years.

The evidence clearly discloses that Mrs. Bethshares was a woman well advanced in years, and the further fact that her death occurred just five days after the drawing of the will in question; and if not probable it is entirely possible that in her enfeebled condition, though able to answer intelligently questions addressed to her, she might have been entirely lacking in the ability to clearly comprehend the meaning or purport of this second will in its entirety. And it would seem that the legislature realizing the gross injustice and wrong that might be perpetrated, considered the manifest necessity of preparing and enacting strict rules for the execution of wills; and consequently it would be both unwise and unjust for the courts to destroy them.

In their contention that a substantial compliance with the statutes is all that is required, attorneys cite Flood, etc. v. Pragoff, etc., 79 Ky. 607, and other cases.

The proof in that case was conclusive that the paper presented was signed by the testator in the presence of the witnesses, and that each of them, at his request, signed the paper in his presence, although they did not know what preceded the signature of the testator; and the court held that as the will was subscribed by the testator in the presence of the witnesses, and at his request was attested by them in his presence, it was not necessary that there should be a further acknowledgment by the

testator.   However, this court, in commenting on the Flood v. Pragoff case, in Limbach v. Bolin, *supra,* said:

> "We are aware of the rule in this state to the effect that a substantial compliance with the statute is all that is required,   . . .   but this rule can not be extended so as to dispense with an essential requirement of the statute made for the purpose of preventing fraud either upon the testator or those upon whom the law casts his property after his death.  The paper in contest herein not having been executed before two witnesses in accordance with the statute as herein interpreted, it should not be admitted to probate as the will of Louis A. Miller."

Almost the identical situation confronts us in the case at bar.   The alleged will was not executed before either of the witnesses, nor was it acknowledged or the signature admitted in their presence; nor in fact was mention made that it was a will, or anything said in their presence that might have tended to disclose its identity.

Therefore, it would appear that the judgment of the circuit court peremptorily instructing the jury to find that the paper of April 19, 1921, was not so executed by Mrs. Bethshares as to give it probative vitality as her will, and the substitution of the will executed in 1917 was entirely proper.

Let the judgment be affirmed.