## Pioneer Coal Company v. Polly, Administrator of Johnson Storms.

(Decided April 24, 1925.)

Appeal from Bell Circuit Court.

1. Master and Servant—Testimony of Witness to Decedent's Signing of Compensation Register, Not Conclusive.—Ky. Stats., section 4957, held not to make testimony of subscribing witness to seeing decedent sign compensation register conclusive of such signing, as such construction wiuld make act violative of Constitution, sections 54, 241, rights under which can be relinquished voluntarily only; act not being purely remedial, but creating a new right.

2. Evidence—Receipts, Not Proved Except by Opinion Evidence to be Genuine, Incompetent for Purpose of Comparison.—In attempt to prove genuineness of signature of employee on compensation register, receipts, the signatures of which were not proved to be genuine except by opinion evidence, held not competent for purpose of comparison, in view of Ky. Stats., section 1649.

3. Evidence—Opinions of Nonexpert Witnesses as to Genuineness of Signature with which they were Familiar, Proper.—Opinions of signature of one with whose signature they were familiar held admissible.

4. Evidence—Opinions of Nonexpert Illiterate Witnesses as to Genuineness of Signature has very Little Weight.—Opinions of nonexpert illiterate witnesses as to the genuineness of a signature with which they are familiar has very little weight, and of itself will amount only to a scintilla.

5. Master and Servant—Finding that Deceased did Not Accept Compensation Act Flagrantly Against Evidence.—In action against employer for death of employee, finding of jury that deceased did not accept provisions of Workmen's Compensation Act by signing register held flagrantly against the evidence.

6. Master and Servant—Appearance of Father of Deceased Before Compensation Board Admissible to Discredit Contention that Deceased had Not Accepted Act.—In action for death of employee, evidence that father of deceased had appeared before compensation board to file, or to consult about filing, a compensation claim, should have been allowed as tending to discredit contention of father that deceased had not accepted act.

CLEON K. CALVERT and JAMES M. GILBERT for appellant.

CHARLES I. DAWSON, WOODWARD, WARFIELD & DAWSON and J. G. ROLLINS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Johnson Storms was employed by the appellant and defendant below, Pioneer Coal Company, to work in its coal mines in Bell county, Kentucky, and while so engaged he was accidentally injured in the course of his employment, from the effects of which death resulted. The appellee and plaintiff, A. J. Polly, qualified as his administrator and afterwards brought this action against defendant to recover damages for his decedent's death. A pleading denominated "a plea to the jurisdiction of the court" was filed by defendant in which it averred that at the time decedent lost his life both he and defendant were operating under our Workmen's Compensation Act, both of them having duly accepted its terms, and because of that fact the court had no jurisdiction to proceed with this common law action, but that the remedy of plaintiff was through an application to the compensation board for an award to the dependents of the deceased in accordance with the provisions of that statute. The answer relied upon the same facts and there

was also a denial of the material averments of the petition necessary to sustain the common law action. In an amended answer the defenses of contributory negligence and assumed risk were relied on. Appropriate pleadings put in issue those two defenses as well as the one denying the jurisdiction of the court, and in plaintiff's reply to the latter he denied that the decedent had ever, in any, legal manner, accepted the provisions of our Workmen's Compensation Act, and in substance, that the signature of the decedent in the register kept by defendant wherein acceptances of the act by its employees were recorded, was a forgery and was not made or done by the decedent or at his instance and request. Appropriate pleadings made the issues, and upon trial the jury, under the instructions of the court, returned a verdict in favor of plaintiff for the sum of $10,000.00, upon which judgment was rendered after defendant's motion for a new trial was overruled, and to reverse it this appeal is prosecuted.

The court in an instruction, the correct form of which is not questioned, submitted to the jury the issue as to whether the decedent had accepted the provisions of the compensation act by signing the register of the company provided for that purpose, and told the jury that if they found that he had done so then they should find for defendant. The verdict is necessarily a negative answer to that issue, and the chief grounds relied on for a reversal are, (1) that the court erred in refusing to instruct the jury peremptorily to return a verdict for defendant because, as is contended, (a) that a witness for defendant to the signature of the decedent appearing on the register testified that he saw the latter sign his name thereto and witnessed it, which identification of his signature it is urged was conclusive proof of decedent's election to operate under the provisions of the Workmen's Compensation Act (latter part of its section 74, now section 4957 of the Ky. Statutes) and (b), that if mistaken in contention (a) then the testimony offered by defendant to disprove the genuineness of decedent's signature in the register was incompetent and therefore insufficient to establish that fact; and (2) that if mistaken in both reasons for ground (1) then the verdict is flagrantly against the evidence. Other contentions were stated in the motion for a new trial and they are incidentally referred to in briefs and will be noticed before the close of this opinion.

1. In support of reason (a) under this ground the language of the last literary clause of section 74 of the compensation act (now section 4957 of the 1922 edition of Carroll's Ky. Statutes) is relied on. It says: "Identification of such signature or mark of the employee shall constitute conclusive proof of his election to operate under the provisions of this act, in any hearing or proceeding in which such election may be material or in issue," and it is both strenuously and vehemently insisted that when defendant produced a witness who himself witnessed decedent's signature on the register as well as testified to his writing it, the fact of his acceptance of the provisions of the compensation act became conclusive as against him, his personal representative, and all other persons, in all cases where the question becomes material.

The argument in support of that contention displays much labor and great research on the part of counsel and he cites many cases as well as text authority upon the right of the legislature to prescribe rules of evidence, many of which are instances where a proven fact is made *prima facie* evidence of the ultimate one. But the chief argument for the conclusive effect contended for is that the compensation act, as a whole, is exclusively a remedial enactment and procedural in its nature, and being so it is then claimed that no one has a vested right in a remedy, and if the new remedy takes from the litigant remedial rights that he had under the old one no constitutional provision, either federal or state, against the deprivation of life, liberty or property without due process of law is involved, since, as contended, those constitutional inhibitions have no application to remedies and procedure. The fundamental error in that position lies in the fact that even if it be conceded that compensation acts, including ours, are purely and solely remedial in their nature, *i. e.,* only furnishing a different or new remedy for an entirely different one theretofore existing for the assertion of the same rights, then the position of learned counsel could not be sustained in this case because the taking effect of the new remedy and its substitution for the old one in this case does not occur until the litigant himself accepts the new remedy in the manner provided by section 4957, *supra,* of our statutes and but for which the act would be unconstitutional, as was held by us in the case of State Journal Company v. Workmen's compensation Board, 161 Ky. 562, and the extended

opinion in 162 Ky. 387; and the case of Green v. Caldwell, 170 Ky. 571. The State Journal Company case declared the compensation act passed in 1914 unconstitutional because there was no provision in it whereby the employee might relinquish his rights under sections 54 and 241 of our Constitution by his voluntary consent, and in the Green case the act passed in 1916 was upheld solely upon the ground that it provided in section 74 thereof for the giving of such voluntary consent. It then clearly appears that the giving of such consent is absolutely essential to the validity of the act and necessarily its provisions, whether they be remedial or otherwise, may not be invoked as against one, who in truth and in fact, has never consented to accept its provisions. It naturally follows that even if learned counsel was correct in his assumption that the act is purely a remedial one, still its provisions do not apply to one who has not accepted it in some legal way or so conducted himself as to estop him from denying it. The contention, therefore, if correct would make the act binding upon the employee by force of its own terms when in truth and in fact he had never accepted it. The 1914 act attempted to make certain facts conclusive evidence of its acceptance by the employee when he had not voluntarily done so by any overt act of his own, and because of that fact and that alone, it was held to be unconstitutional. So that the contention of counsel followed to its logical conclusion amounts to no more than saying that the act itself may contain provisions which *ex vi termini* create an acceptance contrary to the truth, which would render the 1916 act invalid for the same reason that the 1914 one was held to be so.

But, we do not agree with counsel, that our present compensation act, nor any other one coming before our observation is purely and solely remedial and affects only the procedure. By section 241 of our Constitution an action for the recovery of damages is given against anyone producing the death of another "through negligence or wrongful act." In order for a cause of action to arise thereunder the death must have been produced by the defendant through his *negligence* or his *wrongful act.* There is no cause of action or provision for any sort of compensation for the death of one not so produced. Compensation acts, including ours, not only allow awards for death when produced by "negligence or wrongful act" but also allow compensation although

the death is not so produced; the only requirements being that it should be produced by accidental means and in the course of and arising out of the servant's employment. So that, under the compensation act, recovery may be had in the form of an award for injuries produced entirely outside of the scope of section 241 and at least to that extent, the statute creates a right that did not previously exist, and to say that such right together with others conferred by the statute, could be either given to or taken away from the servant without giving him an opportunity to be heard as to whether he had or had not so consented would clearly violate the provisions of both our federal and state constitutions. As well might it be contended that it would be competent for the legislature to provide that identification of one's signature to a note, or other writing, would conclusively bind him to perform its terms and forever foreclose his right to contest the genuineness of his signature, or to urge any other legal ground to establish that his signature thereto was not his free and voluntary act. Surely it could not be urged with any showing of plausibility that such a statute would not deprive a litigant of his right to be heard without due process. The cases relied on by counsel do not go to the extent contended for by him, but deal with the question of the right of the court or jury to give probative effect to an established fact, but in every case, before any such effect may be so given, the fact from which the effect flows must itself be established and the one contesting it should have his day in court when he may introduce his proof and be heard. That statement of the law is so fundamentally sound and so universally recognized that we do not deem it necessary to extend the argument or to refer to the cases so holding.

We are not called upon to construe the clause of section 4957 in question, or to define its meaning and purpose, although it is amply susceptible to a construction carrying out the legislative purpose in its enactment and at the same time preserving the constitutional integrity of the act. We, therefore, decline to give our construction of it in this opinion, since our task is finished when we hold that it was not intended by the legislature to mean, and is not susceptible to, the construction placed upon it by learned counsel for the appellant. We must therefore overrule reason (a) urged in support of this ground.

In disposing of contention (b), under ground (1), it will be necessary to briefly refer to the testimony and the witnesses by which it was given. Without referring to the names of the witnesses or their testimony in detail, the defendant proved in substance, that the deceased signed the register kept by it and wherein its employees accepted the provisions of our Workmen's Compensation Act pursuant to the requirements of section 4957, *supra*. It showed that his signature thereon was witnessed by another of its employees, whose duty was to procure such acceptances, and that witness testified that he saw the deceased sign his name in the register. Other employees testified that they were familiar with the handwriting of the deceased and that his signature on the register was his true and genuine one. About three witnesses for the defendant testified that the deceased after he had signed the register stated and acknowledged to them that he had signed it, and at that time the register was in the immediate presence of the deceased and the witness or witnesses and, perhaps, was opened at the place of his signature by one of them. Defendant also introduced the signatures of deceased to pay receipts for the purpose of comparison, enlarged photographs of which are with the record, and if the genuineness of decedent's signatures to those receipts were properly established they furnish quite persuasive evidence that his signature to the register was also genuine. However, section 1649 of our present statutes requires that such comparison signatures may be admitted as evidence only on condition that their genuineness shall be proven "by other than opinion evidence." The signatures to the receipts were not proven to be genuine, except by the opinions of witnesses claiming to be familiar with the handwriting of the deceased, and their admissibility, therefore, was not brought within the terms of the statute, so as to render them competent.

In contradiction of defendant's evidence, plaintiff introduced himself, and he was an uncle of deceased, and the latter's father and mother, all of whom were aged people, and the father could neither read nor write. The mother had an extremely limited amount of education and could read and write with difficulty, while the other witness could only write his name, which he learned by practice, but more frequently than otherwise made his mark. It is not shown that any of them ever did any writing of any character, except in an effort to sign their

names, and the only one who did that by writing the name in full was the mother. They testified, in substance, that the decedent's signature on the register was not written by him, according to their opinion. They referred to no fact nor pointed out any reason for their statements and left their flatly stated opinions unaided by the statement of any fact to enable either the court or the jury to draw a legal conclusion as to the accuracy of their testimony, or its probative effect.

However, they each testified that they had seen the deceased write his name and that they were familiar with his signature, and under such circumstances we have held in the cases of Andrews v. Hayden, 88 Ky. 455; Kendall's Executor v. Collier, 97 Ky. 446, and perhaps others, that non-expert witnesses may give their opinion as to the genuineness of a signature called in question if they further proved that they were familiar with the handwriting of the person whose signature was involved, either from knowledge acquired from seeing him write or had otherwise familiarized themselves with his handwriting. While that is true the adjudged opinions and all text writers upon the subject attribute but little weight to such testimony, for, as said by Mr. Greenleaf in section 577 in his excellent work on evidence, "the proof in such cases may be very light, but the jury will be permitted to weigh it." The evidence of plaintiff's witnesses in this case, upon the fact of the signature of the deceased on the register of defendant is further weakened by the fact that they themselves were illiterate and all of them without any education, except the mother, who possessed but a meagre and limited amount. Their misfortune in that respect may not be urged against their honesty, but no doubt it should be considered in weighing their testimony, on the controverted fact under consideration. So that, upon the whole, when tested by the scales furnished by the law for weighing such testimony, we can attribute to it in this case no more than the creation of a mere scintilla in support of plaintiff's contention that the deceased did not subscribe his name to the defendant's register. The chief trouble we have had with the case was concerning the question, whether plaintiff's evidence on that point in the condition it was given and as it appears in the record amounts to even a scintilla. But we have concluded to resolve the doubt in favor of plaintiff, at least for the purpose of this opinion, and not to foreclose the case on this hearing by directing a peremptory instruction on another trial and

to say at this time that the verdict of the jury finding that the deceased did not accept the provisions of the Workmen's Compensation Act in the manner provided by its terms was flagrantly against the evidence, viewing it most favorably for plaintiff, and for that reason the judgment should be reversed.

It is also contended by counsel for defendant that the evidence introduced to prove its negligence was not sufficient to require submission of that issue to the jury. Without setting it out, we deem it sufficient to only say that there was ample evidence to authorize the submission and the court did not err in so doing. The defendant offered to prove by the father of the deceased, one of his dependents under the compensation act, and one of the beneficiaries in the amount recovered in this common law action, that he appeared before the compensation board or a member thereof for the purpose of filing, or consult about filing, a claim to procure an award under our compensation act, and also offered to prove his acts and doings with reference thereto, but the court excluded it, which we think was error, because it tended to show that the present contention of the witness that his son had not accepted the provisions of the Workmen's Compensation Act was an afterthought and conceived by him when he learned that the maximum amount for which he could receive compensation under the statute was $4,000.00, it being shown that he had seen his son's signature on the register prior to that time. If, therefore, the signature was not genuine at that time there was no excuse for his appearing before the board, and upon another trial the court will admit that evidence.

The other errors relied on are not likely to occur upon another trial of the case and will not be noticed in this opinion.

Wherefore, the judgment is reversed, with directions to set aside the judgment and grant a new trial, and for proceedings consistent with this opinion.