# McKinney v. Chastain.

Dec. 15, 1944.

J. J. Kavanagh for appellant.

Frank Cahill, Jr., and Herbert Monsky for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

This is an appeal from a judgment of the Circuit Court entered upon the verdict of a jury nullifying, on the ground that it was a forgery, an instrument dated July 3, 1942, purporting to be the will of Anna Bell De-Vault, who died on July 24, 1942. The principal grounds urged for reversal are that the propounders were entitled to a directed verdict; and that, in any event, the Court should have sustained their motion for a new trial predicated upon the subsequent discovery of a letter written by the testatrix on June 18, 1942, expressing an intention to execute a will disposing of her estate in the manner directed by the disputed document. The facts are unusual and may be summarized as follows;

Miss DeVault married the appellant, Henry A. Mc-Kinney, in Louisville in the year 1903, and lived with him for approximately seven years, after which they separated, he going to Omaha and she remaining in Louisville. Shortly after the separation he obtained a divorce and re-married, notwithstanding which fact, she con-

tinued to express her affection for him, received visits from him whenever he was in Lonisville, and on several occasions visited him and his second wife in Omaha. She also maintained close relations with Bertha McKinney, the wife of appellant's brother, who also lived in Omaha. Her small estate consisting of personalty had been accumulated through her operation of rooming houses styled by her "hotels." According to the disputed will, she bequeathed all of it, with the exception of her wearing apparel and personal effects and cash, aggregating $176, to her former husband, the appellant. The wearing apparel and personal effects were bequeathed to Mrs. Bertha McKinney, and the cash bequests were $1 to her nephew and only living relative, the appellee, Lynne Chastain; $25 to Father Flannigan of Boys Town, Nebraska; and $150 to The Minute Men of Kentucky, Inc.

The alleged will was probated on the testimony of Walter C. Bowick and his wife, Ruby; and the fact that their testimony that the will had been typewritten by Bowick at Miss DeVault's request and duly executed by her was not directly contradicted is the basis of appellant's contention that the Court should have peremptorily instructed the jury to find the paper to be her will. But in the case of Hendricks et al. v. Johnson, 297 Ky. 643, 180 S. W. 2d 868, 871, we said: "* * * where there is proof of circumstances casting suspicion upon the verity of testimony on which a motion for a peremptory instruction in favor of the party introducing the testimony is based, and means of directly contradicting such testimony do not exist, the court is not bound to sustain the motion but may properly submit the issue to the jury."

And that there were circumstances casting at least some degree of suspicion upon the testimony of the Bowicks cannot be denied.

Appellant arrived in Louisville from Omaha two days after his former wife's death. In an effort to discover a will, her safety deposit box had been opened and a careful search made of the room which she had occupied in the Biltmore "Hotel." The furniture and trunks had been examined, and, according to one witness, even the rugs had been turned back. However, a few days after appellant had arrived and taken possession of the room, he, in company with Bowick, allegedly found the disputed instrument under the rug. There was testimony indi-

cating that Bowick, an incorporator, and apparently active in the Minute Men of Kentucky, had endeavored unsuccessfully to interest Miss DeVault in a financial enterprise or investment, the nature of which is not disclosed; and a friend of the family testified that Mrs. Bowick told her prior to Miss DeVault's funeral that "there was no will they knew of unless they would find it in the box; they did not know of any will." Moreover, two handwriting experts, one of them a former bank officer and at present tax receiver of the City of Louisville, testified, with charts and diagrams exhibited to the jury, that in their opinion the signature was not that of Miss DeVault. While we are not prepared to say that the testimony of handwriting experts that the signature to a will is not genuine is sufficient, when opposed by the testimony of subscribing witnesses whose testimony is not otherwise contradicted, or accompanied by circumstances casting suspicion upon its verity, to take the issue to the jury, we are nevertheless, as indicated in the case of Hendricks et al. v. Johnson, supra, clearly of the opinion that where the circumstances and proof do cast such suspicion upon the testimony of the subscribing witnesses, the jury, and not the Court, should decide the issue.

As before indicated, one of the grounds for a new trial set forth by the propounders in a supplemental motion was "newly discovered evidence which the defendants could not, with reasonable diligence, have discovered and produced at the trial" consisting of a letter allegedly written on June 18, 1942, to Mrs. Bertha McKinney and her husband by Miss DeVault in which she expressed the intention of making a will disinheriting appellee, and bequeathing all of her estate to the appellant. The letter also contained the statement, "I have a box packed already for you and may send you some of the things I want you to have—My diamond bracelet and my big diamond ring and anything else you want of mine and of course my fur coat—I have told you about that before —." The tone of the letter, its wealth of detail and apparent spontaneity produce in the reader an almost irresistible conclusion that it is genuine. Appellant's affidavit filed in support of the supplemental ground states that the letter was mailed from Louisville on June 19, 1942, was wholly in the handwriting of Miss DeVault, and that while affiant had not seen or had possession of the letter, he had a photostatic copy of the same, and would endeavor to present to the Court the original. Shortly thereafter

appellant filed the letter and the envelope in which it was mailed, together with the affidavit of Mrs. McKinney showing that it had been received by her at Omaha through the mail a few days after it had been written. While the letter, if genuine, constitutes evidence that the will substantially carried out Miss DeVault's intentions, and hence, though not conclusive of the parties' rights, can be said to be evidence of the character required to justify the granting of a new trial, Pearce v. Coogle et al., 297 Ky. 194, 178 S. W. 2d 938, appellant's affidavit wholly failed to show when he had received the photostatic copy of the letter, what effort, if any, had been made to secure the original, or what diligence he had exercised to produce available testimony. We have many times written that a showing of diligence is a condition precedent to the granting of a new trial on the ground of newly discovered evidence. Furthermore, Mrs. McKinney was a beneficiary under the will and a party defendant to the proceeding, and we have on at least two ocacsions held that a new trial will not be granted because of the subsequent production of a writing which at the time of the trial was in the possession of the parties against whom the judgment sought to be vacated, was rendered. Cobb v. Kieth, 296 Ky. 775, 178 S. W. 2d 615.

Judgment affirmed.