## Lowrance et al. v. Moreland et al.

May 31, 1949.

J. L. Donaldson and R. L. Hardin for appellants.

L. M. Ackman and Wm. G. Reed for appellees.

OPINION OF THE COURT BY JUDGE HELM—Affirming.

John Schirmer died February 1, 1948. He left surviving him as his next of kin and heirs at law his wife,

Nannie Bell Schirmer, and Kathryn Schirmer Moreland and Joan Schirmer Sanders, his daughters.

On November 17, 1947, Schirmer executed a writing purporting to be his last will and testament as follows:

"I, John Schirmer of Ghent, County of Carroll, and State of Kentucky, being of full age and sound mind and memory, do make, publish and declare this to be my last will and testament, hereby revoking all wills by me heretofore made.

"Item I. I direct that all my just debts and funeral expenses be paid out of my estate as soon as practicable after the time of my decease.

"Item II. Subject to Item one I direct that a suitable monument be erected at my grave.

"Item III. Whereas I am at the present time engaged in a suit with my wife in which suit she is asking a property settlement and a divorce and whereas my daughters, Kathryn Schirmer Moreland and Joan Schirmer Sanders have been very bitter towards me I make the following bequeaths with full knowledge of my responsibilities towards my relatives taking into consideration their treatment of me. Subject to items one and two I give and bequeath to my daughter, Kathryn Schirmer Moreland and to my daughter, Joan Schirmer Sanders the sum of Five Dollars ($5.00) each.

"Item IV. Subject to the foregoing bequeaths all the property remaining which I may own or have the right to dispose of at the time of my decease I give, devise and bequeath as follows—

"To my sister, Dora Lowrance ¼, To my brother, Otto H. Schirmer ¼, To my nephew, Allen Lee Schirmer ¼, To my nephew Sam Schirmer ⅛, and to my niece, Ella Mae Schirmer, ⅛.

"Item V. I make, nominate and appoint Perry Dean, Sr., as Executor· of this my last will and testament and request that he employ R. L. Hardin, as attorney.

"Dated at Carrollton, Kentucky, this the 17th day of November, 1947.

"John Schirmer

"Witnesses:
"G. A. Heuser
"Perry M. Harrell"

The will was admitted to probate in Carroll County. Perry Dean, Sr., who executed bond in the sum of $15,-000, was appointed executor.

On February 7, 1948, the surviving wife, Nannie Schirmer, renounced the will and on April 1 the surviving daughters filed this action, contesting the will on the grounds of mental incapacity and undue influence.

On the trial of this action in the circuit court, the jury found that "this is not * * * the will of John Schirmer." This is an appeal from the judgment entered on that verdict.

At the trial the propounders, appellants here, as was their duty, introduced evidence in an attempt to show the authenticity of the will and that it was duly executed and attested in accordance with the statute. They introduced C. J. Riley, clerk of the Carroll County Court, who produced a certified copy of the order probating the will in the county court. By agreement of the parties a certified copy of a writing purporting to be the last will and testament of John Schirmer, dated November 17, 1947, and filed with the petition in the circuit court, was referred to by Riley and it was agreed that the certified copy might be treated as the original for all purposes in this case.

It appears that Schirmer's will was prepared by his attorney and that after its preparation he took the will to Mr. Dean, President of the Kentucky State Bank of Carrollton, to have it executed.

G. A. Heuser, assistant cashier of the bank, who witnessed the paper, knew Schirmer, knew his signature, didn't see him sign the paper purporting to be his will, but took the paper to the back room where Schirmer was and asked him if that was his signature and he said it was. When asked if Schirmer acknowledged that paper to be his last will, Heuser said, "I didn't know what the will was or anything, what the paper was, only when I was asked to attest his signature." Heuser signed his name first. When asked where he was when he

signed his name, he replied, "In the bank building. * * * The part where we do our transactions, receiving part, deposits, notes, things like that." He signed it at the note desk. Mr. Dean then, he thinks, took the paper to Mr. Harrell, who also signed the paper in the banking room.

Perry M. Harrell, also an employee of the bank, witnessed the writing. He stated that the signature to the purported will was the signature of John Schirmer. When asked if Schirmer signed it in his presence, he answered, "I wasn't with him when he signed it, but I was there in one room and he was in the other. I knew it was his signature." He saw Schirmer come into the bank and go into Mr. Dean's office, a back room also used as a directors' room. He didn't see Mr. Schirmer sign the writing. Schirmer's signature was on the writing at the time he signed as witness. He never did go into Mr. Dean's office where Schirmer was. The witness stated that he knew he was in Mr. Dean's office but that he didn't see Schirmer sign the purported will; that at the time Schirmer signed the writing, Schirmer was out of sight of the witness and at the time he, Harrell, signed as witness, he was out of sight of Schirmer. Schirmer made no request of him to sign the paper as a witness. Mr. Dean came out into the banking room and asked him to witness Schirmer's signature. An ordinary door between the banking room and the back room was open.

KRS 394.240 provides for an appeal from a judgment of the probate or county court to the circuit court but does not provide the form of appeal.

In the circuit court, the propounders of the will have the burden of showing the authenticity of the will and its due execution.

KRS 394.040 provides:

"No will is valid unless it is in writing with the name of the testator subscribed thereto by himself, or by some other person in his presence and by his direction. If the will is not wholly written by the testator, the subscription shall be made or the will acknowledged by him in the presence of at least two credible witnesses, who shall subscribe the will with their names in the presence of the testator."

It is apparent from the above summary of the testimony of the witnesses, Heuser and Harrell, that the provisions of the foregoing section requiring that the testator subscribe the will or acknowledge it "in the presence of at least two credible witnesses, who shall subscribe the will with their names in the presence of the testator" was not complied with. Schirmer may have asked Heuser to sign. Whether he did or not is not clear from the testimony, but he did not subscribe the will in the presence of the testator. It is clear from the testimony that Harrell did not see the testator sign, that the will was not acknowledged by him in the presence of Harrell and it is clear that Harrell and Heuser both subscribed the writing out of the presence of Schirmer and out of his sight. This being true, there is a clear failure of execution in accordance with the plain provisions of KRS 394.040. Moore et al. v. Sanders et al., 202 Ky. 286, 259 S. W. 361; Page on Wills (Lifetime Edition), Vol. 1, section 350. For this reason alone the trial court should have directed a verdict for appellees, plaintiffs below, instead of submitting the case to the jury, as was done. But the jury having returned the following verdict, "We the jury find that this is not the last will of John Schirmer," and judgment having been entered on the verdict adjudging that the writing of John Schirmer dated November 17, 1947, and admitted to probate by the order of the Carroll County Court on February 4, 1948, "is not the last will and testament of the said John Schirmer," the judgment of the circuit court is affirmed.