## CLINE v. WENGER et al.

Court of Appeals of Kentucky.

Dec. 18, 1953.

Stuard Wegener, Covington, for appellant.

John E. Shepard, Covington, for appellees.

COMBS, Justice.

The contestant, Elizabeth Cline, has appealed from a judgment entered on a jury's verdict upholding the will of her brother, Jacob Wenger. She had charged that the signature on the will was a forgery.

It is urged for reversal of the judgment that the court erred in rejecting certain testimony and in refusing to permit the introduction of a photostat of specimens of the testator's signature offered by the contestant.

The disposition made by the testator of his property is not an unnatural one. Preparation of the will by an attorney, now dead, whose reputation for integrity has not been attacked, was duly proved. Due execution of the will was proved by the three subscribers and by a fourth person who was present but did not sign the will as a witness. The integrity of these witnesses is not questioned.

■ The contestant testified that in her opinion the signature on the will is not that of her brother. The only other evidence of forgery is the testimony of a banker and a handwriting expert. These two witnesses also expressed the opinion that the signature on the will is not that of the testator. This testimony is far from convincing and creates no more than a suspicion. Certainly it is not sufficient, under the circumstances here shown, to overcome the positive testimony of the four unimpeached witnesses who testified that the will was signed by the testator in their presence.

■ It has been said that expert testimony is regarded by the law as the weakest kind of evidence. It is a species of hearsay testimony constituting an exception to the general rule forbidding the introduction of that character of testimony, because of the necessities of the

case. But it is the tendency of this court, at least, to restrict the rule permitting its introduction and to minimize the weight accorded to it. Kentucky Traction & Terminal Co. v. Humphrey, 168 Ky. 611, 182 S.W. 854. Also see Pioneer Coal Co. v. Polly, 208 Ky. 548, 271 S.W. 592; Polley v. Cline's Ex'r, 263 Ky. 659, 93 S.W.2d 363.

Even if the trial judge had permitted the introduction of all the evidence offered by contestant, including the proposed exhibit, he still would have been fully justified in directing a verdict for the proponents of the will. It follows that the contestant has not been prejudiced by any ruling of the trial court.

The judgment is affirmed.