**Josephine HAGAN et al., Appellants,**

**v.**

**Mary Mae HIGGINS et al., Appellees.**

Court of Appeals of Kentucky.

March 6, 1970.

Rehearing Denied June 5, 1970.

Allen Schmitt, Louisville, for appellant Hagan.

Michael M. Hellmann, Louisville, for appellants Carter, Bryan, Richardson and Wilson.

Frank W. Burke, Louisville, for appellees Mary Mae Higgins and Mary Mae Higgins as Committee for Charles Miller.

Arthur C. Coaplen, Louisville, for appellees Schreck, Verhage and Zahn, co-executors of the estate of Henry Miller, Decd.

CLAY, Commissioner.

We have before us two appeals from a judgment based on a jury verdict upholding the probate of a will and codicil by the Hardin County Court and upholding the orders of that court rejecting for probate seven other testamentary documents.

W. A. Miller died February 28, 1966. He had executed a typewritten will October 4, 1950, when his wife was alive, and a typewritten codicil dated March 3, 1960, after she died. These were duly probated in the Hardin County Court on March 21, 1966. The codicil left Miller's estate to his two brothers and a sister. This codicil was challenged on appeal to the circuit court by some of the appellants, children of a deceased brother and sister.

Some time later appellant Hagan offered for probate seven different testamentary documents allegedly executed by the testator subsequent to the date of the codicil. These were all rejected for probate and appeals were taken to the circuit court. The court consolidated all the appeals and the cases were tried together. The principal issue was whether the later documents were forgeries. The jury was instructed to find the instrument dated October 4, 1950, and the codicil thereto dated March 3, 1960, to be the last will and testament of Miller *unless* they believed they were revoked by the execution of a subsequent valid will. As before mentioned, the jury found for those two writings originally accepted for probate.

The first appeal we will consider attacks only the above instruction on the ground that the evidence did not justify the court in deciding as a matter of law that the March 3, 1960, codicil was a valid will. It is argued that the court should have rejected this instrument as a matter of law or should have submitted the issue of its validity to the jury. It is contended that the physical appearance of this codicil was such as to indicate the existence of a subsequent codicil revoking it.

The probated typewritten codicil shows two witnesses signing on the side of the paper, apparently because, and as they both testified, there was no space left at the bottom of the sheet after the testator's signature for such subscribing signatures. Below the testator's signature appear three or four marks which seem to be the top parts of written letters in a signature. If this was a signature, the bottom part has been cut off. Appellants argue that A. J. Emerine, who witnessed the probated codicil, had also signed the cut-off part, which may or may not be true. (He testified he signed only once.)

One of appellants' witnesses testified that she had been told that on some uncertain date the testator had taken the scissors and cut something off the paper. If this is true, there is not one iota of credible evidence proving what the cut-off portion contained. It is pure speculation that a subsequent codicil on this sheet revoked the March 3, 1960, codicil.

■ Both witnesses to the probated codicil testified that it was executed and witnessed in conformity with all formal requirements and we find nothing in this record which would impugn their credibility. There was no evidence of probative value which would tend to invalidate this document and the trial judge properly instructed the jury that it was the last will and testament of the testator unless it was revoked by a subsequent will.

On the appeal by appellant Hagan, it is first contended that the opinion evidence of appellees' expert witness on the issue of the authenticity of the testator's signature appearing on the seven documents presented by her was insufficient to take the case to the jury. There were many peculiar circumstances surrounding these papers. Some time elapsed before they were presented for probate by appellant Hagan. They were allegedly found in unusual places, and were written on different types of paper. Ostensibly three were written on the same day. On the day the trial began appellant Hagan admitted that two of them were forgeries.

An attempt was made to prove by lay witnesses that these writings were properly executed testamentary instruments. The only evidence offered for appellees was the opinion of a qualified handwriting expert who testified that the alleged signatures of the testator on all the papers were forgeries. Appellant Hagan cites several cases to the effect that opinion evidence is not generally considered of the highest quality and it lacks probative value if not supported by other proven facts. The contention is that the testimony of appellees' expert witness had no probative value whatsoever and, therefore, the authenticity of the testator's signature on these questioned documents should not have been submitted to the jury.

Appellant Hagan relies on Cline v. Wenger, Ky., 263 S.W.2d 91 (1953). That case involved the forgery of a will and on appeal the issue was whether or not the trial court improperly had rejected certain evidence offered by appellant. The issue of forgery was submitted to the jury, which found for the will. The evidence rejected is not disclosed in the opinion, but it is therein stated that the court would have been justified in directing a verdict for the proponents. It was observed that the testimony of a handwriting expert would not overcome overwhelming credible evidence of four persons who testified they saw the testator sign the will.

We certainly do not have such a case here. The testimony of lay witnesses for appellant Hagan concerning the execution and authenticity of the questioned documents is not at all clear and convincing. We have consistently held that handwriting opinion evidence, when supported by proof of circumstances casting suspicion on the verity of testimony concerning the execution of a will, is sufficient to require submission of the issue to the jury. Ellis v. Moss, 257 Ky. 168, 77 S.W.2d 377 (1934); McKinney v. Chastain, 298 Ky. 833, 184 S.W.2d 240 (1944); Reffett v. Hughes, Ky., 396 S.W.2d 786 (1965).

We have never seen a case which involved more suspicious circumstances. Of significance is the fact that appellant Hagan offered for probate two writings which she subsequently admitted were forgeries. This cast a cloud on all her offered papers. Under the circumstances, the opinions of experts (appellants had one too) were perhaps the best way to get to the truth. The question of the appellees' expert's credibility was a question for the jury and the issue of the authenticity of the testator's signature on the documents involved was properly submitted for its determination.

Appellant Hagan further contends that there were several procedural errors. It is said the trial court erred in consolidating for trial the appeals involving these various documents. Under the peculiar circumstances of this case, we can think of no other sensible way to have handled this controversy. It so happened that there were eight different appeals involving papers allegedly executed as the last will and testament of the testator. The same subject matter was involved and all the interested parties were before the court. To have tried eight different appeals obviously would have led to endless litigation. They involved common questions of fact. Under CR 42.01 the trial judge very properly exercised his sound discretion in consolidating these appeals. See Massie v. Salmon, Ky., 277 S.W.2d 49 (1955). Moore v. Sanders, 202 Ky. 286, 259 S.W. 361 (1924), involved a situation similar to the one we have here and we held it proper to consolidate for trial separate appeals involving the validity of several documents offered as the will of a decedent.

It is next contended that appellant Hagan was entitled to the last argument because she was the propounder of the alleged subsequent wills. KRS 394.240. This position is supported by Polley v. Cline's Ex'r, 272 Ky. 147, 113 S.W.2d 1133 (1938). However, there are unusual features of this proceeding. Several appeals were involved and the parties were represented by five different lawyers. At a pretrial conference the order of proof was arranged which placed the burden on the executor. Under CR 43.02(5) this entitled the executor to the closing argument. We are of the opinion that appellant Hagan waived the right to the closing argument, if she had such right, by not asserting it at the pretrial conference when the order of proof was arranged. In addition, under the peculiar circumstances of this case, we are of the opinion the trial judge exercised a reasonable discretion in arranging the order of argument under CR 43.02(5).

Appellant Hagan next contends the trial court erred in its instructions when

it placed emphasis on the will and codicil offered for probate by appellees. Such emphasis was necessary because the court was advising the jury as a matter of law that they constituted the last will and testament of the testator unless a later testamentary instrument revoked them.

It is next contended the trial court erred in declining to dismiss appellant Hagan's appeal from the orders of the county court refusing to probate two allegedly testamentary instruments offered by her. She made the motion to dismiss her own two appeals in these cases on the morning the trial began on the ground that the two documents were forgeries. Her position is that these forgeries were irrelevant with respect to the other papers, and the jury should not have been informed about them. The dismissal of the appeals would not have extinguished these papers. The two alleged testamentary documents constituted a part of the whole picture which was involved in this controversy. Evidence concerning these forged documents, even if they had not been offered for probate, would have constituted competent evidence on the issue of the authenticity of other similar documents. Fee v. Taylor, 83 Ky. 259, 7 Ky.Law Rep. 248 (1885).

It is finally contended the trial court erred in refusing to admit in evidence certain letters written by the testator to appellant Hagan. They were offered so that her daughter could testify that they contained the testator's handwriting. Under KRS 422.120(2) and Pioneer Coal Co. v. Polly, 208 Ky. 548, 271 S.W. 592 (1925), the authenticity of a writing (for comparison purposes) must be proved other than by opinion evidence. The letters, as a basis for the daughter's testimony that in her opinion they were in the testator's handwriting, were incompetent and the trial court properly so ruled. They otherwise had no relevancy to the issues involved.

The judgment is affirmed.

All concur.