Elsie Fuson SHOUP and Martha Sutton, Appellants,

v.

John KETRON and Ortha Parker, Appellees.

Court of Appeals of Kentucky.

Oct. 17, 1975.

nesses signed the will, and his testimony showed that the will was properly executed. One of the issues, included in the pretrial order, was whether the will was properly executed.

It has been said that on appeal to the circuit court the case is tried de novo. *Duncan v. O'Nan,* Ky., 451 S.W.2d 626 (1970); *Speshiots v. Coclanes,* 311 Ky. 547, 224 S.W.2d 653 (1949). *Ramsey v. Howard,* 289 Ky. 389, 158 S.W.2d 981 (1952), contains an interesting statement of the procedure for adjudication of questions involving a will, beginning with the ancient mode where the will was first probated "in the common form," an ex parte proceeding to prevent injurious delay to creditors and others, and was binding until contested (within 30 years) in a more effectual mode called the "solemn form." In the "solemn form" proceedings the previous probate was waived and it was required that the will be established as if it never had been recorded. The opinion also traces the history of the procedure as provided in the Acts of the Kentucky Legislature in 1797 and 1851. It appears there have been only a few changes since those legislative enactments. It has been held that the propounder has the burden of proof as to the authenticity and due execution of the will. *Poindexter's Adm'r v. Alexander,* 277 Ky. 147, 125 S.W.2d 981 (1939); *Lowrance v. Moreland,* 310 Ky. 533, 221 S.W.2d 62 (1949). It also has been held that the contestant may attack the execution of the will on appeal although he did not allege improper execution as a ground when perfecting the appeal. *Lisle v. Couchman,* 146 Ky. 345, 142 S.W. 1023 (1912); *Poindexter's Adm'r v. Alexander,* 277 Ky. 147, 125 S.W.2d 981 (1939).

W. Thomas Mulhall, Jr., G. Murray Turner, Louisville, for appellants.

Terry E. Forcht, Forcht, Braden & Braden, Corbin, for appellees.

GARDNER, Commissioner.

The contestants of a will contend that the circuit court erred when it overruled contestants' motion for a directed verdict on the ground that the propounders did not prove the proper execution of the will in that they failed to present available subscribing witnesses at the trial. The subscribing witnesses, although available, were not used in the circuit court trial to prove the execution of the will. The propounders of the will did introduce the scrivener of the will who testified that he was present when the testatrix and the subscribing wit-

■ The statutes and the opinions of this court do not delineate the proof necessary on appeal to the circuit court for establishing the execution of a will. While the trial in the circuit court has been described as one "de novo," it is not a completely new trial. The county court has exclusive jurisdiction of the probate of wills. KRS 394.-

140. KRS 394.260, in setting forth the "Proceedings in circuit court," provides that a jury (or the court) shall " * * * try whether, or how much of, any testamentary paper produced is, or is not, the last will of the testator." The circuit court has no power to order the probate of a will other than one probated or rejected by the county court and therefore may consider on appeal only the question of whether the will probated or rejected by the county court was the will of the testator. *Central Trust Co. v. Bennett,* 208 Ky. 281, 270 S.W. 821 (1925).

In the present instance the propounders of the will produced a copy of the will and a copy of the order of the county court admitting the will to probate which recited that the will was proven by one of the subscribing witnesses who also attested to the subscription by the other witness. If it be construed that the provision of KRS 394.210(3), to the effect that a will may be proved by the testimony of one of the witnesses, applies to proceedings in the circuit court as well as in the probate court, we are of the opinion that it does not constitute an indispensable requirement for the proof, in circuit court, of the execution of the will. We are of the further opinion that the introduction of a copy of the order of the county court reciting that one of the subscribing witnesses proved the execution of the will was sufficient, in the absence of countervailing evidence, to support a finding that the will had been properly executed.

The judgment is affirmed.

REED, C. J., and CLAYTON, PALMORE, STEPHENSON, LUKOWSKY and STERNBERG, JJ., concur.

JONES, J., not sitting.