Judge Underwood
delivered the Opinion of the Oourt.
Beam filed his bill in chancery, to set aside the will of his daughter Margaret, upon the ground that she was not of sound mind. A jury was empannelled, in pursuance of the statute, to try the issue formed. The jury found against the will, and the court decreed accordingly.
The decree must be reversed for want of proper and necessary parties. Yancleave, whose wife was the principal devisee, was the only defendant. The other devisees, although their legacies were inconsiderable in amount, had an equal right to:be heard in support of the will, and an opportunity should have been afforded them. The executor was likewise a necessary party, unless he had refused to act.
It is made a question, which of the parties had the right to open and conclude the argument before the jury. Regarding the issue as formed in this cafee, there is no doubt, under the principles recognized in Higdon’s heirs vs. Higdon’s Devisees, 6 J. J. Mar. 50, that the right to open and conclude the argument belonged to Vancleave &c. They, for the purpose of forming the issue, pleaded, that the instrument mentioned in the bill was the last will and testament of Margaret Beam, and concluded with a verification. To this plea a replication was filed, denying that the said instrument was the last will and testament of said Margaret. Under this issue, Vandeave &c. held the|affirmative. The burden of proof Say on them, and they were entitled to open and conclude the argument.
Upon an ear j>arte proceeding — such as a motion to instruct a clerk as
it may be well doubted whether the court ought to have permitted an issue to have been formed, in any other manner than it was. The obvious meaning of the statute was pursued, and it furnishes the best if not the only role upon the subject.
The decree is reversed, with costs, and the cause remanded, with directions to set aside the verdict of the jury, and for proceedings in other respects not inconsistent with this opinion.