Preston, &c., v. Fidelity Trust and Safety Vault Co.

CASE 48—PETITION —MAY 2,

## Preston, &c., v. Fidelity Trust and Safety Vault Co.

| 94 | 295 |
|-----|-----|
| 107 | 425 |

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. AN APPEAL LIES TO THE CIRCUIT COURT FROM AN ORDER OF THE COUNTY COURT REFUSING TO PROBATE A WILL whether for supposed want of jurisdiction or for other cause, the refusal to probate being a "rejection" of the will within the meaning of the statute giving an appeal. And upon the trial of the appeal in the circuit court, if that court determines that the county court has jurisdiction, it should hear the case upon its merits, and determine whether the will should have been probated, although the county court may have refused to probate the will upon the sole ground that it had no jurisdiction.

A county court having heard testimony as to the residence of a testatrix, and refused to probate her will upon the ground that it had no jurisdiction, and the propounders having appealed to the circuit court, this court refuses to grant a writ of prohibition to prevent the circuit court from entertaining the appeal, holding that the appeal

Preston, &c., v. Fidelity Trust and Safety Vault Co.

lies. But the court does not decide the question as to its power to issue the writ if there had been no jurisdiction in the court below.

2. MANDAMUS DOES NOT LIE TO COMPEL THE COUNTY COURT TO PROBATE A WILL where that court has heard testimony as to the residence of the testator and determined that it had no jurisdiction, the remedy being by appeal to the circuit court.

HUMPHREY & DAVIE FOR PETITIONERS.

1. The statutes of Kentucky give an appeal from the county court to the circuit court in a "will case" only where the county court has "probated" or "rejected" the will. (Gen. Stat., chapter on "Wills," sections 26, 27, 35, 36; act April 23, 1873, Public Acts 1873, p. 60; Carroll's Code, p. 380; State v. Fowler, 108 Mo., 465; Walkerley's Estate, 94 California, 352.)

· 2. The overruling by the Jefferson County Court of a motion to probate a will, on the ground that the testatrix resided in another county, was not a "final order" or "final judgment," so as to be appealable. (Turner v. Browder, 18 Ben. Monroe, 825; Glass v. Mercer, 89 Ky.,. 199; Cleaver v. McManus, 66 Texas, 48; Railroad v. Wiswall, 23 Wallace, 507; Benjamin v. DuBois, 118 U. S., 46; Livingston v. Dorgenois, 7 Cranch, 577.)

3. A judgment "rejecting" a will is a judgment which pronounces it a "nullity;" and a refusal of a county court (for want of jurisdiction) to consider the question of will or no will is not a "rejection." (Jacob v. Pulliam, 3 J. J. Mar., 200; Wells' Will, 5 Littell, 273; Tibbatts v. Berry, 10 B. Mon., 474; Henry v. Nunn, 11 B. Mon., 241; Stevenson v. Huddleson, 13 B. Mon., 311; Mitchell v. Holder, 8 Bush, 364; Abbott v. Traylor, 11 Bush, 335; Singleton's Will, 8 Ben. Mon., 353.)

4. The remedy of the propounders, if they still claim the residence to have been in Jefferson county, is to sue out a writ of mandamus in the circuit court against the county court, to compel the county court to proceed to try the will on its merits, and to "probate" or "reject" it; and on such a proceeding the question of the residence of the testatrix and the jurisdiction of the county court will be tried and settled in the circuit court. (Code, sec. 475; Regina v. Southampton County Court, Amer. Digest, 1802, p. 3249, sec. 24; Amer. and Eng. Ency. of Law, vol. 14, pp. 111, 119; Ex parte Parker, 131 U. S., 221; Elliott on Appellate Procedure, sec. 516; Ex parte Newman, 14 Wallace, 165; Harrington v. Holler, 111 U. S. 796; Ex parte Bradstreet, 7 Peters, 604; Ex parte Russell, 13 Wallace, 664; Ins. Co. v. Comstock, 16 Wall., 258; R. R. v. Wiswall, 23 Wall., 507; Ex parte Schollenberger, 96 U. S., 369; Knick. Ins. Co. v. Comstock, 16 Wall., 258; State v. Ellis, 41 La. Ann., 41; State v. Judges 42 La. Ann., 1087; Ex parte Bar Ass, 92 Ala., 113; State v. Hunter, 3 Washing-

ton R., 92, State v. Murphy, 19 Nov., 89; State v. Laughlin, 75 Mo., 358; Beguhl v. Swan, 39 Cal., 411; Merrill on Mandamus, sec. 203; State v. Kansas City Court, 97 Mo., 331.)

5. The remedy by mandamus to compel the county court to act is an established practice in Kentucky. (Lowe v. Phelps, 14 Bush, 645; Board Pharmacy v. White, 84 Ky., 632; Hoke v. Com., 79 Ky., 568; Clark v. McKinsley, 7 Bush, 528; Vance. v. Field, 89 Ky., 178; Lou. Industrial School v Louisville, 88 Ky., 590.)

6. The circuit court having no jurisdiction of the appeal from the county court, and its proposed action being a usurpation of jurisdiction, the Court of Appeals, under the new Constitution, should issue a writ of prohibition to prevent it. (Kentucky Constitution of 1891, sec 110.)

7. The history of the adoption of this section 110 by the Kentucky Constitutional Convention, and debates thereon, will be found in Debates, Convention of 1890, pages 2996, 2999, 3002, 3127, 5197, 5584.

8. This section of the Kentucky Constitution having been adopted from the constitutions of other States, the construction placed on those constitutions by the supreme courts of those States will be considered as adopted along with it. (Endlich on Interpretations of Statutes, secs. 550, 531, 371; Daly v. Swope, 47 Miss., 367; McDonald v. Hovey, 110 U. S., 628; Sedgwick Constitutional Construction, 229, note; Overfield v. Sutton, 1 Met. (Ky.), 621; Lee v. Forman, 3 Met. (Ky.), 114; Johnson v. Offutt, 4 Met. (Ky.), 19.)

9. This provision, in substance, is in the constitutions of Alabama, South Carolina, Iowa, Colorado, Michigan, Missouri, North Carolina, Wisconsin, Virginia, West Virginia, Ohio, Pennsylvania, Kansas, California, Florida, Nevada, Texas, Louisiana, Utah, and had been construed in those States before adopted in Kentucky as authorizing the Court of Appeals to issue a writ of prohibition to prevent a circuit court from usurping jurisdiction. (Ben Perley Poore's Constitutions; Am. and Eng. Ency. of Law, vol. 19, pp. 266, 267, 268, 276, 279, 280; High on Extraordinary Remedies, secs. 765, 767, 776; Perry v. Shepherd, 78 N. Car., 83; Ex parte Smith. 23 Ala., 94; State v. Judge, 39 La. Annual, 97; State v. Judge, 4 Robinson (La.), 48; State v. Judge, 21 La. Ann., 113; State v. Allen, 45 Mo. App., 551; State v. St. Louis Court, 99 Mo., 216; State v. Columbia, 16 S. Car., 413; Ex parte Hill, 38 Ala, 452; Henry v. Steele, Judge, 28 Ark., 455; Com. v. Latham, Judge, 85 Va., ( 32; Supervisors v. Corroll, 20 Grattan (Va.), 495, 522; Russell v. Jackway, 33 Ark., 191; Swinburne v. Smith, 15 W. Va., 483; Ex parte Hamilton, 51 Ala, 64; Ex parte Green, 29 Ala., 57; Thomas v. Meade, 36 Mo., 246; Supervisors v. Wingfield, 27 Grattan, 333; County v. Boreman, 34 W. Va., 87; State v. McCrea, Judge, 40 La. Ann., 20; State v. Judges, 40 La. Ann., 771; Yearin v. Speirs, 4 Utah, 482; State v. Walls, Judge,

113 Mo., 42; Henshaw v. Cotton, 127 Mass., 60; Conn. R. R. v. County, 127 Mass., 58.)

10. The principles under which writs of prohibition are issued are fully recognized in Kentucky, and should now be made applicable under this new constitutional provision. (Reese v. Lawless, 4 Bibb, 394; Arnold v. Shields, 5 Dana, 18; Sasseen v. Hammond, 18 Ben Mon., 672; Bank Lick Co. v. Phelps, 81 Ky., 613; Pennington v. Woolfolk, 79 Ky., 21.)

11. The fact that an appeal would ultimately lie from whatever illegal final judgment may be hereafter rendered by the lower court in pursuance of its usurped jurisdiction does not furnish a timely, speedy or adequate remedy, and does not prevent the writ of prohibition from issuing. (Yearin v. Speirs, 4 Utah, 483; State v. Allen, 45 Mo. App., 571; Supervisors v. Gorrell, 20 Grattan, 522; Russell v. Jackway, 33 Ark., 191; Swinburne v. Smith, 15 W. Va., 483; Thomas v. Meade, 33 Mo., 246; County Court v. Boreman, 11 Southeastern, 717 (34 W. Va.); State v. McCrea, 40 La. Ann., 20; Henshaw v. Colton, 127 Mass., 59.)

WM. LINDSAY OF COUNSEL ON SAME SIDE.

BARNETT, MILLER & BARNETT FOR RESPONDENT.

1. The last sentence of section 110 of the Constitution is merely declaratory of what the law was before, and does not give this court power to issue a writ of prohibition to a court of inferior jurisdiction except in aid of its appellate jurisdiction. (Vance v. Field, 89 Ky., 178.)

2. If it be conceded that the last sentence in section 110 confers upon this court any new power, it is not self-operative.

3. Section 479 of the Civil Code excludes the jurisdiction of this court, for by that section the writ must issue by an order of some circuit court to an inferior court of limited jurisdiction.

4. Neither a writ of prohibition or mandamus will ever go where the party can rectify the error committed against him by appeal or a writ of error. (Elliott on Appellate Procedure, secs. 514, 518.)

5. The Jefferson Court of Common Pleas has general jurisdiction in matters affecting the probate or non-probate of wills, and jurisdiction will be presumed until drawn in question and the facts heard. (Jacobs v. L. & N. R. Co., 10 Bush, 263.)

6. The statute confers the right of appeal to the circuit court wherever the probate of a will is granted or denied without any sort of regard to the grounds for the judgment of the court. (Gen Stats., chap. 113, sec. 27.)

BYRON BACON AND ERNEST MACPHERSON ON SAME SIDE.

1. The last sentence of section 110 of the Constitution is but a constitutional recognition of the power of this court to issue appropriate

writs when there is *no other* specific remedy. (Vance v. Field, 89 Ky., 179.)

But conceding that the provision of the Constitution relied on was intended to extend the jurisdiction of this court, there is no legislation defining or providing for the exercise of this newly conferred power, and if it is self-operative, then it means the common law writ of prohibition with its common law character and the common law procedure. (High's Extraordinary Remedies, sec. 781.)

2. As to the nature and office of the writ, see High's Ext. Remedies, sec. 762; 19 Am. & Eng. Enc. of Law, 268, and authorities cited; *Idem*, 271.

To authorize the writ, there must be a total absence of all other remedies  (Sasseen v. Hammond, 18 B. M., 673; Commissioners v. Spitler, 13 Ind., 235; *Ex parte* Smith, 34 Ala.; State v. Commissioners of Roads, 12 Am. Dec., 60°, note.)

3. An appeal lies from an order of the county court refusing to probate a will without regard to the ground of the refusal. (Gen. Stats., chap. 113, sec. 27.)

The reason given by the court to sustain its decision is no part of the judgment. (12 Am. & Eng. Enc. of Law, 59, 60.)

Statutes giving the right to appeal are liberally construed in furtherance of justice. (Houk v. Barthold, 73 Ind., 21; Pearson v. Lovejoy. 53 Barb., 407; Cally v. Anson, 4 Wis., 223; Russell v. Wheeler Hempstead (Ark.), p. 4; State v. Manning, 14 Texas, 402.)

4. The question of domicile, when a party is shown to have been resident of two places, and to have exercised acts of habitancy in both, is a mixed question of law and fact. (Cochrane v. Boston, 4 Allen (Mass.), 178; Lyman v. Fiske, 17 Pick (Mass.), 293; Fitchburg v. Wichendon, 4 Cush. (Mass.), 190.)

5. Mandamus does not lie to compel the county judge to probate the will. (Merrill on Mandamus, sec. 32; Goheen v. Myers, 18 B. M., 426; Bacon Abr., Mandamus, 436; Black. Comm., 110; 2 Strange, 881; 19 John , 260.)

P. B. MUIR of counsel on same side.


JUDGE PRYOR delivered the opinion of the court.

Mrs. Mary Howard Preston departed this life on the 17th of November of the year 1892, leaving a paper purporting to be her last will and testament that was offered for probate in the Jefferson County Court, and by one of its provisions the Fidelity Trust

and Safety Vault Company was made the sole executor.

The contestants, who were the heirs at law of Mrs. Preston, resisted the probate of the will on three grounds—first, because the decedent, at the time of her death, resided in the county of Trimble; second, she was of unsound mind at the time she executed the instrument; and lastly, that it was procured by undue influence.

The case was heard by the Judge of the Jefferson County Court on December 30, 1892, upon evidence touching all the points at issue, viz: residence, mental capacity and undue influence, and this judgment entered: "It is the judgment of the court that the legal residence of Mary Howard Preston at the time of her death was in Trimble county, Kentucky, and for that reason this court has no jurisdiction to probate the will, and the said motion is overruled."

After this judgment was entered the propounders of the paper took an appeal to the Jefferson Court of Common Pleas, and after the case reached that court the contestants, for the purpose of questioning the jurisdiction of the court, moved to dismiss the appeal for want of jurisdiction on the part of that tribunal to determine the question, insisting that the remedy for the propounders was not by an appeal, but to apply to a court of superior jurisdiction to compel the county court, by mandamus, to dispose of the case on its merits. The common pleas court having the jurisdiction of appeals in will cases, overruled the motion to dismiss the appeal taken by the propounders, and the contestants, claiming that this

·action on the part of the judge of the court of common pleas was a usurpation of jurisdiction, filed the present petition in this the appellate court, asking for a writ of prohibition commanding the judge of the court of common pleas to cease entertaining jurisdiction on the appeal.

The right of the contestants to this writ, and the ·exercise of such a supervening power by this court, is claimed to be derived from section 110 of the new ·Constitution, that provides: "Said court (the Court ·of Appeals) shall have power to issue such writs as may be necessary to give it a general control of inferior jurisdictions."

As the court below has, in our opinion, jurisdiction of the appeal, it is unnecessary to determine the power of this court to grant the writ. We will proceed, therefore, to discuss only the right of the propounders to an appeal.

The statute gives to the circuit· courts (common pleas courts having like jurisdiction) jurisdiction of ·appeals from every judgment of a county court admitting a will to record or rejecting it. (General Statutes, section 27, chapter 113, title Wills.)

It is not claimed that this will has been rejected on the merits, or that the judgment of the county court rejecting it for want of jurisdiction would be a bar to a like proceeding in the Trimble County Court, but it is contended the probate has been denied, and this gives the right to an appeal; and if so, the remedy being ample, it affords a strong reason for refusing the writ.

The language of the statute, in regard to appeals

in will cases, does not require, before an appeal can be taken, that a judgment should first be rendered invalidating the paper. It is enough that the court to which the application is made refuses to probate the writing, whether for the one cause or the other the will has been rejected, and the right to an appeal exists. The word reject means, as defined by Mr. Webster, "to throw away; to discard; to refuse to receive;" "to refuse to grant, as to reject a prayer or request." To give the word reject the technical meaning contended for by counsel for the contestants, would be to deny the prepounders a remedy when the offer of probate is denied, and the jurisdiction of the county court, so far as its decision goes, ended. If application to probate should be made to the Trimble County Court, with a decision adverse to the jurisdiction, the propounders would be without remedy. When the case reaches the circuit court the judge hears the testimony on the question of jurisdiction and determines it, and if his judgment should be adverse to that of the county court, the case will then be tried on its merits, and whether at the same term is for that court, and not this, to determine. If the decision of the judge ends with that of the county court as to the jurisdiction, the propounders on that issue alone can appeal to this court, and if the case is heard on the merits either party can also raise the question should it come to this. There is no reason why the case should not be tried as other cases on appeal, the court first determining its jurisdiction. The case was before the county court for judgment, and if that judgment is final as to that court, there

is no reason for withholding from the circuit court the power to try the entire case, if, in his opinion, the county court had jurisdiction to probate the paper.

It is, however, argued that the judgment upon the question of jurisdiction was not a *final judgment*, or one from which an appeal could be taken, and the case of Benjamin's Heirs v. DuBois, reported in 118 U. S., 46, is referred to as sustaining this view. It is said in that case, that a judgment or decree to be final, so as to give the court jurisdiction on appeals or writs of error from the Supreme Court of the District of Columbia, must be on its merits. That case has no application to the practice in this State, as appeals may be granted from orders of dismissal for want of jurisdiction, or for any other cause where the amount in controversy is within the jurisdiction of the appellate court.

The statute provides that the appeal in will cases shall be in five years after the judgment of probate or rejection, and this would apply, in so far as the appeal is concerned, to the judgment refusing to probate for want of jurisdiction, and while the limitation applies to the appeal, it would not affect the right to probate in the court having the jurisdiction, as a judgment without jurisdiction is a nullity.

We must deny the request made for the writ.