## Scott v. Roy, et al.

(Decided June 6, 1911.)

### Appeal from Boyle Circuit Court.

Wills—Probate of—Appeal from Judgment—What Parties Necessary —Where the only necessary parties to an appeal from a judgment admitting a will to probate were residents of the state and summonses were issued against them within five years, it was error to dismiss the appeal because service had not been had upon a non-resident within five years.

ROBERT HARDING and J. W. RAWLINGS for appellant.

W. J. PRICE, J. H. CHANDLER and FOX & JACKSON for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

At the March term, 1903, of the Boyle County Court the will of Lou T. Scott, a resident of that county, was duly probated. It seems that nothing more was done until March, 1908, a few days before the expiration of five years, the time within which to take an appeal to the circuit court, when J. W. Scott, a brother of the testatrix, filed a statement in the circuit court for the purpose of taking an appeal to that court. He named as defendants in the statement M A. Roy, R. J. Gresham, Lydia Lanham, Sallie C. Scott. Mattie B. Scott, R. S. Scott, Southern Baptist Theological Seminary and Louisville Trust Company, and had process issued against each of them except R. S. Scott, who was, at that time, a resident of Oklahoma City, Okla. About ten or twelve days after the expiration of the five years, he made the usual affidavit for a warning order, and the clerk appointed an attorney to correspond with R. S. Scott. The attorney accepted the appointment and performed his duty. R. S. Scott answered his communication and stated, in effect, that he desired to join J. W. Scott in contesting the will, and the attorney handed the letter to appellant's counsel.

On motion of Mattie B. Scott, and the Southern Baptist Theological Seminary, the appeal to the circuit court was dismissed because, as stated, the appeal was not taken within the five years next after the will was probated. The point of objection was that there was no summons or warning order issued for R. S. Scott, who was a non-resident, until after the five years had expired, and, therefore, the court had no jurisdiction of the appeal.

We have not been cited to nor have been able to find any opinion of this court that sheds any light upon the question in issue. Appellees claim that the following lines of section 4859, Kentucky Statutes, control the question, to wit:

"When the proceeding is taken to the circuit court, all necessary parties shall be brought before the court by the appellant."

Counsel give us quite a discussion on the meaning of the word "when," as used in the quotation, but we receive no material aid from it as the authorities cited by

them explaining the use of the word named does not give us any help. Section 4850, of the Statutes, provides for an appeal to the circuit court within five years after the judgment is rendered in the county court. The statutes does not provide who shall be made defendants, or appellees, or who shall be made plaintiffs. Our opinion is that the Civil Code controls, as the statute is silent upon the subject, therefore the parties alone who are interested in having the judgment of the county court sustained in the action at bar, are necessary parties defendant to the appeal. The testatrix devised all of her property to her two sisters, Sallie G. Scott and Mattie B. Scott, and the Southern Baptist Theological Seminary, therefore, these were the only absolutely necessary parties to the appeal and they were all residents of the State and summonses were issued against them within the five years allowed for the appeal, and appellant's appeal was legally pending in the circuit court. In our opinion, the purpose of section 4859, or that part to which we refer, was to enjoin upon appellants the duty of bringing before the court while the proceedings were pending therein and before a trial was had, all persons who would have been interested in the testatrix's estate had there been no will. This was required to avoid vexatious litigation in regard to the will. Sallie A. and Mattie B Scott and the Southern Baptist Theological Seminary were the only devisees named in the will, as the Louisville Trust Co. declined to accept the appointment as executor of the will, and the appeal was properly pending in the circuit court without the issual of a summons or warning order against R. S. Scott, who was not interested in sustaining the order of probate in the county court, as he received nothing under the will. It is to R. S. Scott's interest that the will be declared no will for in that event he will take as an heir.

For these reasons, the judgment of the lower court is reversed, and cause remanded for further proceedings consistent herewith.