## McComas et al. v. Hull et al.

(Decided June 14, 1938.)

C. C. ADAMS for appellants.

L. M. ACKMAN for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

John McComas died July 30, 1927, and his will was probated shortly thereafter. Just before the five-year limitations expired, this contest of his will was instituted by three of his grandchildren, the children of a deceased daughter, who were bequeathed only $1 each. By agreement the case was continued from time to time and not tried until October, 1936. By similar amicable practice, the appeal here was not made ready for submission until recently. Now eleven years after the testator's death it is necessary to reverse the judgment which set the will aside because of undue influence brought to bear upon him as found by a jury.

The statement of appeal from the probate of the will in the county court filed in the circuit court names eight infants and four nonresident contestees. None of the infants had a statutory guardian and no guardian ad litem was appointed for any of them. Summons was served upon the mother of two of the infants under fourteen years of age instead upon their father as is required by Section 52 of the Civil Code of Practice. Though a warning order attorney was appointed for the nonresidents he never filed a report. Therefore, none of the infants or nonresident contestees were before the court. In the motion for a new trial it was made to appear that another of the contestees had been adjudged a person of unsound mind and had a duly appointed committee. He was sued as sui juris and his committee was not made a party. Some of the contestees who were sui juris were not summoned.

Section 4859, Kentucky Statutes, provides that when a probate proceeding is taken to circuit court, "all necessary parties shall be brought before the court by the appellant." Section 4861 provides that a nonresident or other interested person who was not before the court by actual service or appearance may, within

three years after a final decision in that court, impeach the decision and have a retrial, and that an infant not a party may do so any time until twelve months after attaining full age. In Vancleave v. Beam, 32 Ky. 155, 2 Dana 155, a judgment upon a verdict finding against a will was reversed because certain devisees, although their legacies were inconsiderable in amount, were not made defendants in the circuit court. In Rogers v. Thomas, 40 Ky. 390, 1 B. Mon. 390, a similar judgment was reversed because two slaves, emancipated by the will, were not made parties. The court there observed that one of the chief objects of the proceeding is to settle finally and conclusively all litigation as to a contested will and, therefore, all persons interested as heirs or devisees should be made parties before there is a final trial or judgment to avoid endless litigation and confusion.

All of the persons named in this proceeding as contestees were necessary parties for, as beneficiaries, they were interested in sustaining the judgment of the county court probating the will. Scott v. Roy, 144 Ky. 99, 137 S. W. 858. Although named in the record as such, a person is not a party to an action unless he has been duly brought in by legal process or has voluntarily appeared and submitted himself to the jurisdiction of the court. 47 C. J. 15.

The statement of appeal in this court contains the names of the infants in association with the parties who are sui juris as appellants, and the committee for the devisee of unsound mind also joins them as an appellant. Infants may not individually prosecute or maintain an appeal in this court. However, we are of opinion that the appellants who are sui juris do have the right to bring the appeal and are entitled to a reversal of the judgment in order that all necessary parties may be brought before the court, for without them their rights are prejudiced since there can be no final determination of the will contest.

The judgment is reversed.