## Russell et al. v. Grumbley's Ex'r et al.

March 17, 1942.

Willis & Smith and Phillip J. Kennedy for appellants.

J. D. Standard for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Nannie Grumbley died testate on the 15th day of March, 1935, a citizen and resident of Todd County, Kentucky, and her will was duly probated in the Todd county court on the 18th day of March, 1935. By the terms of her will testatrix made specific bequests to Annie Hogan, Richard Russell Hogan, Vincent G. Russell, C. M. Russell, Lucian Russell, Mrs. Lubbie Weaver, and Mrs. Elizabeth R. Hayes; and lastly, willed all the rest and residue of her estate to Russell Hogan. Testatrix appointed Russell Hogan the last named devisee, executor of her will.

On the 16th day of March, 1940, C. M. Russell, Lucian Russell, Vincent Russell and Mrs. Lubbie Weaver, all of whom were beneficiaries of the will but being dissatisfied with their respective legacies, filed in the Todd circuit court their joint "petition" or statement of appeal and named therein party defendant (appellee on that appeal) Russell Hogan, executor of testatrix's will, and Russell Hogan individually, but omitted or failed to name as defendants the other legatees; namely, Annie Hogan, Richard Russell Hogan, Vincent G. Russell and Elizabeth R. Hayes.

It is alleged in the statement of appeal that the testatrix was mentally incapable to make a will, and further that same was procured by undue influence, and asked that the order of the county court probating the paper purporting to be the will of testatrix be set aside and that said paper or purported will be declared not to be the last will and testament of the testatrix.

Russell Hogan, as executor of the will and individually, moved the court to dismiss the petition or statement of appeal for the reason that the appeal to the circuit court from the judgment of the Todd county court probating the will was not taken within five years from the date of the judgment of the Todd county court; and further, that the plaintiffs did not bring all necessary parties to the action before the circuit court as required

by the Statutes of Kentucky in such cases made and provided, and also on account of defect of parties. The court sustained the motion and dismised the plaintiff's petition. Hence this appeal.

As stated above, the will was probated in the Todd county court on the 18th day of March, 1935, and the statement of appeal as against Russell Hogan, executor and individually, was filed in the Todd circuit court on the 16th day of March, 1940, which was within five years from the date of the county court judgment probating the will, but the motion to dismiss the appeal was made and disposed of after the expiration of five years from the date of the probation of the will, and for this reason, it is argued for appellees, it was then too late to amend the petition or statement of appeal so as to bring the other beneficiaries of the will before the court. Since, however, no amendment was offered and the court did not pass upon the question of whether or not it was too late to amend, we need not determine that question. We will confine our discussion to the question of whether or not the chancellor properly dismissed the appeal because of defect of parties.

Section 4859, Kentucky Statutes, provides that when an appeal is taken from a judgment of a county court probating a will, "all necessary parties shall be brought before the court by the appellant." The Statute does not purport to designate or specify who are the necessary parties in such proceedings, but in numerous cases involving the construction of that statute this court has held that when a will has been probated in the county court and an appeal taken to the circuit court, all the beneficiaries under the will are necessary parties, since they are interested in sustaining the judgment of the county court probating the will. McComas et al. v. Hull et al., 274 Ky. 192, 118 S. W. (2d) 540; Henry v. Spurlin et al., 277 Ky. 114, 125 S. W. (2d) 992, 994. In Security Trust Company et al. v. Swope, Judge, 274 Ky. 99, 118 S. W. (2d) 200 it is held that "all necessary parties" in the statute, supra, meant parties in whose favor the probate court adjudged. In the present case the probate judgment was in favor of the beneficiaries who were not made parties or brought into court by the statement of appeal. Also, in Scott v. Roy et al., 144 Ky. 99, 137 S. W. 858, 859, in discussing the precise question here involved, the court said:

"In our opinion, the purpose of Section 4859, or that part to which we refer, was to enjoin upon appellants the duty of bringing before the court while the proceedings were pending therein and before a trial was had, all persons who would have been interested in the testatrix's estate, had there been no will. This was required to avoid vexatious litigation in regard to the will."

In the present case, as is shown in the record, some of the beneficiaries of the will, not parties to the appeal, are nephews and nieces of the testatrix and would have been interested in the testatrix's estate had there been no will. The reason for the rule is obvious. Once a will has been properly probated it is conclusive and binding on all parties unless set aside on appeal to the circuit court in accordance with the prescribed mode. While a contest of a will on an appeal is a special proceeding in rem reexamining the reality of the instrument, yet since the statute requires that interested persons be made parties, the proceeding is given the character of an action inter partes. Henry v. Spurlin, supra. The rule is based upon the principle that a will vests the beneficiaries with title to the property devised, and hence they are necessary parties to the appeal by which it is sought to divest them of the right acquired by virtue of the will and for that reason the proceeding is given the character of an action inter partes as distinguished from one strictly in rem.

It is thus seen that the rule with respect to necessary parties to an appeal to the circuit court from the probate judgment of the county court is not the same as an original proceeding to probate a will in the county court, since the latter is a proceeding purely in rem, while in the former the beneficiaries of the will have acquired a vested right of which they cannot be deprived without their day in court. It follows, therefore, that the court properly sustained the motion to dismiss the statement of appeal.

Judgment affirmed.