Brenda JUSTICE, Glema Collins, Dawson Boyd, Ray Boyd, Mary Akers, Rubenstine Akers, Individually and as Next Friends for Lavone Conn; Richard Click, N.D. Click, and Lavone Conn, Appellants,

v.

Herman CONN, Individually and as Executor of the Purported Last Will & Testament of Audra Boyd; Thelma Conn, Ruth Sloan, Denver Conn, and Gillis Conn, Appellees.

Court of Appeals of Kentucky.

Dec. 12, 1986.

Discretionary Review Denied by Supreme Court March 4, 1987.

Lawrence R. Webster, Pikeville, for appellants.

Eric D. Hall, Prestonsburg, for appellees.

Before HAYES, C.J., and HOWERTON, and REYNOLDS, JJ.

HOWERTON, Judge.

Brenda Justice and the other appellants appeal from an order by the Floyd Circuit Court dismissing their contest of the will of Audra Boyd for failure to comply with the notice requirement in KRS 394.240(2). We disagree with the circuit court's decision and reverse.

The appellants filed an action in the Floyd Circuit Court contesting the Last Will and Testament of Audra Boyd who died on December 20, 1983. The will was probated on December 27, 1983. On February 4, 1986, the circuit court granted the appellees' motion to dismiss for failure to file a notice of contest pursuant to KRS 394.240(2). This appeal followed.

KRS 394.240(2) states in part:

Upon filing an adversary proceeding in circuit court in matters involving probate ..., the plaintiff shall forthwith lodge a notice of the action in the office of the county clerk of the county in which the will was admitted to probate or rejected, or if an intestate estate in the office of the county clerk of the county in which the estate was probated. Such notice shall state the name of the testator, the style of the action, the court in which the action has been filed, the file number assigned to the action by the clerk of the court in which it has been filed, the nature of the action, and the date on which the action was commenced.

We find this statute to be in the nature of a lis pendens. The requirements of KRS 394.240(2) are similar to those of the lis pendens notice in KRS 382.440, except that KRS 394.240(2) does not require that a description of the property be given. In 80 Am.Jur.2d, *Wills*, § 932 (1975), we read

that "[a] notice of lis pendens may also be required in order to protect the interests of a contestant against bona fide purchasers or encumbrancers. The doctrine of lis pendens has been applied to will contests." We determine that the purpose of KRS 394.240(2) is to provide notice to potential bona fide purchasers that real, or other recordable, property of a testator is the subject of litigation.

Although KRS 394.240(2) uses such language as "shall forthwith lodge a notice," the failure to file such a notice does not strip the circuit court of jurisdiction to hear the case. KRS 24A.120(2) states that the circuit court shall have jurisdiction over adversary proceedings which shall be filed in accordance with the Kentucky Rules of Civil Procedure. Under CR 3, an action is commenced by the filing of a complaint with the court and the issuance of a summons in good faith. The jurisdiction of a court consists of jurisdiction of the subject matter and jurisdiction over the parties. *Covington Trust Co. of Covington v. Owens,* 278 Ky. 695, 129 S.W.2d 186 (1939). Jurisdiction over the subject matter involves "(a) whether the court, under the laws of the sovereignty of its creation, is given the right to pass upon the particular class of case involved, and (b) whether or not that particular class of case has been brought before it for determination." *Owens,* at 703, 129 S.W.2d 186. Therefore, the jurisdiction of a circuit court is invoked by filing a complaint in accordance with CR 3 regardless of whether the notice requirements of KRS 394.240(2) are complied with. KRS 24A.120.

We hold that the circuit court had jurisdiction over the case and that the court erred in dismissing the matter for failure to file notice pursuant to KRS 394.240(2). Accordingly, we reverse the decision of the Floyd Circuit Court.

Further, pursuant to 2(a) of the Order Designating the Case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.