Thomas M. WEST, Sharon Neikirk and Lynda Greene, Movants,

v.

Irene GOLDSTEIN, Respondent.

Irene GOLDSTEIN, Movant,

v.

Thomas M. WEST, Sharon Neikirk and Lynda Greene, Respondents.

No. 90–SC–1001–DG.

Supreme Court of Kentucky.

April 9, 1992.

Rehearing Denied June 25, 1992.

Ann B. Oldfather, William F. McMurry, Louisville, for movants/respondents.

Homer Parrent, III, Parrent & Parrent, Louisville, for respondent/movant.

LEIBSON, Justice.

This appeal arises from a will contest case filed in Jefferson Circuit Court contesting certain wills and codicils executed by Evelyn West, who died May 27, 1987, at age 80, leaving virtually all of her estate to the respondent, Irene Goldstein. Irene Goldstein had been employed as Evelyn West's caretaker during the last three years of her life. Ms. West, although previously married and divorced, had no children. Her four nieces and nephews, three of whom are the movants, Thomas West, Sharon Neikerk, and Lynda Greene, are her only living relatives. At the time of her death, Ms. West's estate had a value of approximately $400,000 in liquid assets.

Upon Ms. West's death, Irene Goldstein, as named Executrix, probated her will dat-

ed August 8, 1985, and two codicils dated August 14 and October 16, 1985, in Jefferson District Court. In March 1988, the movants filed this will contest case as an *original action* pursuant to KRS 394.240 *et seq.*, and as a *declaratory judgment action* pursuant to KRS 418.040 *et seq.*, seeking to set aside the three testamentary documents which had been probated by Irene Goldstein and three earlier documents executed in 1984 and 1985, naming Ms. Goldstein as a principal beneficiary which had not been probated, all on alternative grounds of undue influence and lack of testamentary capacity.

The jury found for the contestants, denying the validity of all testamentary documents favoring Irene Goldstein. Each testamentary document was considered separately, but in each instance the instruction covered both undue influence and lack of testamentary capacity as alternative grounds for relief. Other *inter vivos* gifts from Ms. West to Ms. Goldstein were also set aside on similar grounds. The trial court entered judgment accordingly, and Ms. Goldstein appealed. Her appeal raised multiple issues, but only one, failure to join "necessary parties," was addressed in the Court of Appeals' Opinion. Having ruled that failure to join Anna Barber and Beulah Hudson, two non-party beneficiaries named in the will and codicils which had been probated, was a fatal defect, the Court of Appeals decided it "need not reach the other assignments of error."

Ms. Barber and Ms. Hudson were longtime friends of the decedent who had received bequests of $2,000 and $5,000 respectively under the will sought to be set aside. Specifically, the Court of Appeals decided these "other beneficiaries should have been joined by appellees; the failure to do so divests the trial court of jurisdiction over this matter."

We have accepted discretionary review of the issue thus stated. By cross-motion for discretionary review, Ms. Goldstein has preserved the right to further consideration of certain specified other assignments of error not reached in the Court of Appeals' Opinion. After we have first reviewed the decision of the Court of Appeals that the trial court erred in refusing to require that the two friends of the decedent who had received specific requests, as referred to above, be joined as necessary parties and that this error was jurisdictional, we will address these "other assignments" as necessary to fully dispose of the case before us.

In the trial court Ms. Goldstein moved to dismiss because the plaintiffs had not named these beneficiaries as parties in their Complaint. The trial court overruled the motion. The Court of Appeals decided that thereafter the trial court was proceeding without jurisdiction and, therefore, the trial, jury verdict and judgment, were a nullity.

There are several further facts essential to a proper understanding of this issue. First, although the trial court ruled that these beneficiaries of the will were not necessary parties, and refused to require the movants to join them, Ms. Goldstein remained free to join these beneficiaries as additional parties. Next, the pleadings advised, and it is uncontradicted, that (1) the specific bequests to these beneficiaries amounted to less than the bequests the beneficiaries would have received under prior testamentary documents which the plaintiffs sought to uphold and which left the estate to the decedent's nieces and nephews, and (2) the plaintiffs "affirmatively waived any and all rights to contest distributions to" these beneficiaries. And, finally, a third omitted beneficiary, another of decedent's nephews who received a $5,000 bequest, and whom the court ordered plaintiffs to join because he was one of the decedent's heirs at law, elected to accept his testamentary bequest and not to join with his cousins in this action, but testified that "[e]ven though I decided not to join in the suit, I believed, as I do now, that a suit against Irene Goldstein was legally, morally and ethically necessary."

The bottom line of the trial court's ruling held that movants were not required to join the decedent's friends who had received small bequests, and respondent never elected to do so. The Court of Appeals held

"the failure to do so divests the trial court of jurisdiction over this matter." We reverse.

The Court of Appeals' decision rests upon a misunderstanding of fundamental principles regarding the nature of jurisdiction. As we acknowledged in *Duncan v. O'Nan*, Ky., 451 S.W.2d 626, 631 (1970), a will contest case, "the word 'jurisdiction' is more easily used than understood." Here, the Court of Appeals' Opinion does not undertake to explain what it means by holding the trial court was divested of "jurisdiction" to try this case. If the court was referring to subject matter jurisdiction, *Duncan v. O'Nan* explains that all that is required is the power to try "this kind of case."

Both before and after the restructuring of the courts that occurred upon amendment of the Kentucky Constitution with the new Judicial Article in 1976, circuit courts had the power, or subject matter jurisdiction, to try a will contest case. However, before the new Judicial Article and the 1976 statutes, that jurisdiction was appellate and limited to appeal to circuit court from the order of the county (now district) court admitting or refusing to admit a will to probate. *Preston v. Fidelity Trust & Safety-Vault Co.*, 94 Ky. 295, 22 S.W. 318 (1893). The only issue on appeal was whether the particular instrument probated or rejected by the county court was the will of the testator. *Kiefer's Executor v. Deibel*, 292 Ky. 318, 166 S.W.2d 430 (1942).

The statutes controlling the method for taking this appeal, KRS 394.240–.280, were repealed when the new Judicial Article of the Constitution passed, and new statutes were enacted to replace them. KRS 394.-240 was replaced by a new statute providing for an "original action in the circuit court" in any case wherein "[a]ny person aggrieved by the action of the district court in admitting a will to record or rejecting it" seeks "to contest the action of the district court." This new subsection further provides that the "parties may, in the same action ... seek construction, interpretation or reformation of a will." Thus the issue is no longer strictly limited to whether the

particular instrument probated or rejected in district court is the will of the testator.

■ Further, in the same Kentucky Judiciary Act of 1976 rewriting KRS 394.240, KRS 23A.010(1) was enacted specifying that "circuit court is a court of general jurisdiction [with] ... original jurisdiction of all justiciable causes not exclusively vested in some other court," and KRS 24A.120(2), was enacted specifying that district court, our lower court with limited jurisdiction, has jurisdiction over "matters involving probate, except matters contested in an adversary proceeding." This completed the restructuring of jurisdiction in circuit court so that it had original subject matter jurisdiction to try a will contest case challenging the order of probate, but it was by no means limited to this one issue.

Nor can the Court of Appeals' finding of lack of jurisdiction rest on lack of jurisdiction over the parties. This requires only that the parties who are sued are before the court. The Court of Appeals' Opinion does not address some defect in the parties before the court, but instead relates only to other parties not before the court, parties whom the movants have formally acknowledged in their pleadings are not bound by the litigation.

*Justice v. Conn*, Ky.App., 724 S.W.2d 227 (1987), was a will contest case filed after the restructuring of the courts, in contrast with four cases cited in the Court of Appeals' Opinion decided before the restructuring which involved appeals from county court. In *Justice v. Conn*, the problem is strikingly similar to the present one. The contestants failed to comply with one of the procedures pertaining to will contests specified in KRS 394.240 which calls for lodging notice of the action filed in circuit court "in the office of the county clerk of the county in which the will was admitted to probate or rejected." Circuit court dismissed the will contest on grounds that this notice had not been filed and was essential to its "jurisdiction." The Court of Appeals reversed, with the following observations, *all* of which are pertinent to the present controversy:

"Although KRS 394.240(2) uses such language as 'shall forthwith lodge a notice,' the failure to file such a notice does not strip the circuit court of jurisdiction to hear the case. KRS 24A.120(2) states that the circuit court shall have jurisdiction over adversary proceedings which shall be filed in accordance with the Kentucky Rules of Civil Procedure. Under CR 3, an action is commenced by the filing of a complaint with the court and the issuance of a summons in good faith. The jurisdiction of a court consists of jurisdiction of the subject matter and jurisdiction over the parties. *Covington Trust Co. of Covington v. Owens*, 278 Ky. 695, 129 S.W.2d 186 (1939). Jurisdiction over the subject matter involves '(a) whether the court, under the laws of the sovereignty of its creation, is given the right to pass upon the particular class of case involved, and (b) whether or not that particular class of case has been brought before it for determination.' *Owens*, at 703, 129 S.W.2d 186. Therefore, the jurisdiction of a circuit court is invoked by filing a complaint in accordance with CR 3 regardless of whether the notice requirements of KRS 394.240(2) are complied with. KRS 24A.120."

*Justice v. Conn* held "the circuit court had jurisdiction over the case" and therefore "erred in dismissing the matter for failure to file notice pursuant to KRS 394.-240(2)." *Id.* at 228. The remedy, if one was required, was, not to dismiss the case for lack of jurisdiction, but to require the contestants to lodge the notice in question if to do so would serve some appropriate purpose. The present case involves at most a claim of procedural default which, assuming such exists at all, is similar in character to that in *Justice v. Conn.*

We turn now to whether the trial court erred. The respondent claims it was necessary for the movants to add the decedent's friends, Anna Barber and Beulah Hudson, who had received small specific bequests, because KRS 394.260 specifies that, "[w]hen the proceeding is taken to the circuit court, all necessary parties shall be brought before the court by the plaintiff," and because four cases decided before the changes wrought in 1976 (referred to by the Court of Appeals in its Opinion) specify, in one context or another, that necessary parties includes beneficiaries named in the will. These cases are: *Russell v. Grumbley's Executor*, 290 Ky. 57, 160 S.W.2d 321 (1942); *McComas v. Hull*, 274 Ky. 192, 118 S.W.2d 540 (1938); *Security Trust Co. v. Swope*, 274 Ky. 99, 118 S.W.2d 200 (1938); and *Scott v. Roy*, 144 Ky. 99, 137 S.W. 858 (1911). None of those cases involved a fact situation like the present one where the bequests to the unnamed beneficiaries had already been paid off and the will contestants stipulated in their pleadings, a formal judicial admission, that the specific bequests to them were less than the amounts that those beneficiaries would be entitled to under the testamentary documents which the plaintiffs sought to uphold; the will contestants in none of these cases affirmatively waived any and all rights to contest the distributions to these beneficiaries. It was because of this particular set of circumstances that the trial court ruled that these beneficiaries were not "necessary parties." The respondent insists on appeal that this is a "special statutory proceeding" (a term used in CR 1(2)), and as such beyond the reach of the term "necessary parties" as used in the context of Kentucky Rules of Civil Procedure and the rules of construction pertaining thereto. But we note that respondent's motion to require the plaintiffs to join said individuals stated it was "under CR 19.01," the Civil Rule which provides for "joinder of persons needed for adjudication."

To hold that the four cases cited in the Court of Appeals' Opinion call for the Draconian measure of dismissal in present circumstances, would unreasonably extend the holding in those cases. The statute did not then, and does not now, define "beneficiaries" as "necessary parties" in all circumstances. The true meaning of "all necessary parties," as stated in *Security Trust Co. v. Swope, supra,* is that the term refers to those persons whose interest would be divested by an adverse judgment. Of course, this normally includes beneficiaries because they would lose their be-

quests, but not in present circumstances. The respondent conceded at oral argument that will contestants may settle with beneficiaries after they are named as parties, thus changing their status to nonparties, and the situation is no different here. Nevertheless, the changeover in KRS 394.-240 *et seq.* from an appellate procedure as controlled by statute to an original action under the Civil Rules implies that who are "necessary parties" should be determined in accordance with the Civil Rules, not by who was a necessary party under the former appellate procedure. Further, KRS 24A.120, which excludes probate matters "contested in an adversary proceeding" from district court jurisdiction so that it falls within circuit court jurisdiction, makes the matter explicit in the next sentence by stating:

> "Such adversary proceeding shall be filed in circuit court in accordance with the Kentucky Rules of Civil Procedure and shall not be considered an appeal[.]"

We have duly noted that Civil Rule 1, which covers the "Title and Scope" of the Rules, was amended when the 1976 changes were wrought, and now states in part:

> "These Rules govern procedure and practice in all actions of a civil nature in the Court of Justice except for special statutory procedures in which the procedural requirements of the statute shall prevail over any inconsistent procedures set forth in the Rules." CR 1(2).

Respondent argues that *First National Bank of Mayfield v. Stahr*, Ky. 329 S.W.2d 582 (1959), which was decided after the Civil Rules were first adopted but before the 1976 constitutional and statutory changes, defines a will contest as a special statutory proceeding. This case was decided before the change in CR 1 to include the reference to "special statutory proceeding," and, of course, did not address the meaning of the term as used in the Civil Rules. More importantly, the case did not turn on whether the appeal of a will contest was a special statutory proceeding. It said only that the appellants "claimed" that such was the case. The case then holds

that, although a will contest was an appellate procedure, as it was at that time, the trial court could go ahead and consider a separate, preliminary question, involving the validity of a release, against the claim that because an appeal of a probate matter involved a narrow question, the validity of the release could not be considered in the same action.

Even were we to accept as a working premise that a will contest met the definition of a special statutory proceeding in its former posture as an appeal, there is no reason to afford it any different treatment because of such status. As used in CR 1, the term "special statutory proceeding" does not mean that the Civil Rules are abandoned simply because there are statutory rules prescribed. On the contrary, CR 1(2) only goes so far as to state the civil rules are not applicable in "special statutory proceedings" wherein "the procedural requirements of statute" are "inconsistent" with "procedures set forth in the Rules." Thus special statutory proceedings replace Civil Rules only where they are "inconsistent" or in conflict with the rule. We have been presented with no valid reason to consider "necessary parties" as having a different meaning in a will contest than it has in application of CR 19. Early cases defining necessary parties in terms of beneficiaries have meaning only with respect to the fact situation in those cases. They do not suggest that the statutory term, "necessary parties," has some specific, abstract meaning. Indeed, *Scott v. Roy, supra,* in addressing how to interpret the statutory requirement that "all necessary parties shall be brought before the court" in a will contest case, said, "[o]ur opinion is that the Civil Code controls, as the statute is silent upon the subject." 137 S.W. at 859.

KRS 394.280 provides that "[a]ny person interested who, at the time of the final decision in the circuit court [in a will contest case], ... was not a party to the proceeding by actual appearance or being personally served with process, may, within three (3) years after the final decision in the circuit court, ... impeach the decision and have a retrial of the question." There

is no need, and no rational explanation, for having this proviso if the failure to name "necessary parties" as required by KRS 394.260 is a jurisdictional defect as to those who are named as parties. The only justification for having such a statute is because those who are parties are bound by the judgment and those who are omitted are not.

The thrust of the respondent's argument is not really that the circuit court lacked jurisdiction to try this will contest, or even that naming all beneficiaries is necessary to invoke the jurisdiction of the court. As stated in *Justice v. Conn, supra,* such jurisdiction is invoked "by the filing of a complaint with the court and the issuance of a summons in good faith," and such jurisdiction consists of "jurisdiction of the subject matter and jurisdiction over the parties." 724 S.W.2d at 228. Stripped of imprecise verbiage about lack of jurisdiction, the real core of the respondent's position, adopted by the Court of Appeals, is that this case falls within the term "special statutory proceedings" in Rule 1 of the Kentucky Rules of Civil Procedure; that, therefore, the long-standing policy that the Civil Rules should be construed broadly to facilitate deciding issues on their merits and to secure a just result rather than strictly or narrowly to defeat the cause of action on technical grounds, should not apply to *this* case.

CR 1, in its original form, embraced verbatim the following rule of construction from the Federal Rules of Procedure:

"These Rules ... shall be construed to secure the just, speedy, and inexpensive determination of every action."

In Kentucky in 1976, Rule 1 was rewritten to accommodate the new role of the Court of Justice in developing rules, and this sentence advising how the rules should be construed was not included. Nevertheless, the continued viability of this rule of construction is assured. As stated in Bertelsman & Philipps, *Kentucky Practice,* 4th ed., Civil Rule 1, p. 3–4, discussing the rule in its present form:

"Former Rule 1 provided the rules shall be construed to secure the just, speedy and inexpensive determination of every action. Although the present rule does not contain this provision certainly it is the spirit of the Civil Rules by history and interpretation that they promote the ends of justice. The Rules also have been interpreted to facilitate decisions on the merits, rather than determinations on technicalities."

In Watson Clay's *Kentucky Practice,* 3rd ed. (1981 Supp.), Civil Rule 1, the predecessor to Bertelsman & Philipps, the author explains:

"[I]t would have been better to permit this specific mandate to remain in the Rules, even though the principle it embodies may be considered to be so well established as not to require specific statement."

This has been the policy with respect to construing rules of pleading, practice and procedure at the trial level ever since we modeled our rules after the Federal Rules of Civil Procedure. For a while we followed a policy of strict compliance with rules of appellate procedure for no better reason than it seemed necessary to control the size of the docket. We have now turned to the same policy for applying civil rules regarding appellate procedure as has always applied in pleadings and practice at the trial level: the policy expressed by Bertelsman & Philipps in the above quote. *See Ready v. Jamison,* Ky., 705 S.W.2d 479 (1986) and *Foxworthy v. Norstam Veneers, Inc.,* Ky., 816 S.W.2d 907 (1991). Except for timely filing, at both the trial and appellate level, rules should be applied to provide for a just determination on the merits, rather than to use a technicality to work a forfeiture.

A corollary rule of construction is relevant here:

"The rules grant considerable power to the trial judge and provide general guidelines as to the manner in which it should be exercised. In using this discretion, judges must view the rules with sympathetic understanding in order to effectuate the objectives of rules.... The rules will remain workable only as long as the trial judges exercise their discretion intel-

ligently on a case by case basis rather than on arbitrary considerations of time designed to avoid trials on the merits." Bertelsman & Philipps, *supra* at 4.

How do these rules of construction apply to the present case? First, the grant of original, general jurisdiction to circuit court by KRS 23A.010, coupled with the limitation of district court jurisdiction provided by KRS 24A.120 obviates the "special statutory proceeding" nature of a will contest as an appeal as it was before, and calls for application of the Civil Rules, at the very least, in the absence of substantive statutory requirements of a different nature. This means that deciding who are parties needed to be joined for "just adjudication" of the controversy should be construed as explained in Rule 19, which specifies a party shall be joined as necessary where:

"(a) in his absence complete relief cannot be accorded among those already parties, or (b) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." CR 19.01

It further means that if a party is "not so joined, the court shall order that he be made a party." *Id.* It further means that deciding who is a necessary party is not a jurisdictional matter, but a matter to be decided within the "power of the trial judge," for which the rules "provide general guidelines as to the manner in which it should be exercised," and in which the trial judge should "effectuate the objectives of the rules." *See* Bertelsman & Philipps, *Kentucky Practice,* as quoted *supra.* Further, it means "trial judges [should] exercise their discretion intelligently on a case by case basis rather than on arbitrary considerations," *Id.,* and that their decisions should be reversed only if, first, the decision is clearly erroneous, and second, it affects the substantial rights of the parties. CR 61.01. Assuming solely for the sake of argument that under prior law in a

will contest all named beneficiaries needed to be joined even though they no longer had any interest in the matter, surely that is no longer the case.

The respondent has provided us with no legal reason why, in the circumstances of this case, these particular beneficiaries were necessary parties. Other than the premise that their presence was necessary to invoke the jurisdiction of circuit court, without regard to whether they had any interest at stake in the litigation, the only substantive reason advanced by the respondents for demanding that the movants name these two beneficiaries as parties was some supposed tactical advantage from having these people sued. This is not a substantive right or a reason for reversing the trial court. It is nothing more than a speculation. Whatever credibility the respondent's side of the case might have achieved from the fact that she was not the sole beneficiary in the will because of these small bequests to other friends of the decedent remains the same regardless of whether these persons were named parties. Respondent's claim that she had a "right" to have these two women sit with her at counsel table is an empty bag.

An improper ruling on the motion to dismiss for failure to join necessary parties would not have been jurisdictional. Appropriate relief would consist of reversing and remanding to the trial court, to dismiss only if after remand the will contestants refused to obey an order to name such parties. *Russell v. Grumbley's Executor,* *supra,* was the only case cited by the respondent wherein the case was dismissed when named beneficiaries were not joined as parties, and that case is inapposite. In the *Russell* case, the trial court ordered the parties joined and the will contestants refused. When these parties were not joined, the case was dismissed at the trial level, and it was this dismissal that was appealed and affirmed, whereas here the trial court decided the parties were unnecessary. Unlike *Russell v. Grumbley's Executor,* here the will contestants had no opportunity to

amend. Even if we were to take the holding in *Russell* as an ironclad rule that all beneficiaries must always be named without regard to whether they have any interest at stake in the outcome of the case, there is no legal reason not to afford the movants an opportunity to amend. But this is not a statutory appeal and such an interpretation is no longer appropriate if it ever was. Only if one of the reasons stated in CR 19.01 exists, as quoted above, was there a reason to require the two beneficiaries to be added as parties, and such was not the case.

We turn now to the issues raised by the respondent on cross-motion for discretionary review; issues which were not reached by the Court of Appeals. The respondent claims: (1) evidence on both lack of testamentary capacity and undue influence was insufficient to sustain a verdict; (2) trial errors in the jury instructions and in certain admonitions which were either given or refused, in admitting certain evidence and in limiting cross-examination as to certain other evidence; and (3) error in combining with the trial of the testamentary documents admitted to probate further trial of three other testamentary documents executed while the decedent was in the care of the respondent, and further trial of the validity of a number of *inter vivos* gifts to the respondent and her family made during this same period.

A decent respect for the growing length of this Opinion stays our hand from repeating the evidence here. It suffices to say the challenges to evidence have been answered sufficiently in the movants' "Response on Cross–Appeal," which cites ample evidence to support a jury finding on both lack of testamentary capacity and undue influence, both as to the testamentary documents admitted to probate in district court and as to the three previous documents executed while the decedent was in the respondent's care, and ample evidence as well to sustain the movants' claims to set aside the *"inter vivos"* transfers. Although much of the evidence is interrelated, respondent has not claimed that the evidence adduced at trial was insufficient to support the jury's verdict that the *inter vivos* transactions should be set aside. As to the *inter vivos* transfers, respondent only questions whether they should have been tried to the jury in the same case with the will contests. Much of the evidence regarding one transaction was relevant to the next. Rather than providing a reason why only the three documents admitted to probate should not have been tried in this case, the interdependent relevancy of the evidence provided sound reason for combining otherwise separate counts in one trial. See the discussion of CR 18.02, *infra.*

Although the respondent's arguments regarding insufficient evidence of testamentary capacity and undue influence are briefed separately, the fact is that the instructions, to which there was no objection, allowed the jury to find against each testamentary document if at the time it was executed the decedent either lacked testamentary capacity or was acting from undue influence. Thus the question before us is limited to whether the evidence before us was sufficient on either ground, whereas the record supports both grounds.

None of the arguments regarding admonitions, excluding evidence, or the instructions to the jury presents a problem sufficiently serious to merit discussion.

■ The one aspect of the cross-motion for discretionary review which needs to be addressed in this Opinion is respondent's argument that "the trial court erroneously asserted jurisdiction over wills neither probated nor rejected by district court." KRS 394.240 provides that a person "aggrieved by the action of the district court in admitting a will to record or rejecting it" may commence an action in circuit court. Respondent claims this means that "unless and until the district court acts on a document, the circuit court, under this section, acquires no power to rule on its validity." Certainly, this was the law formerly when a will contest case in circuit court was limited to a statutory appeal of the order of county court admitting or denying probate. Respondent cites in support of this argument: *Central Trust Co. v. Bennett*, 208 Ky. 281, 270 S.W. 821 (1925); *Payne v.*

*Chenault,* Ky., 343 S.W.2d 129 (1961); and *Shoup v. Ketron,* Ky., 528 S.W.2d 731 (1975), all cases decided before the courts were restructured and the law changed. Respondent also cites *Kiefer's Executor v. Deibel,* 292 Ky. 318, 166 S.W.2d 430 (1942), holding that the trial judge "had no authority" to pass "on the validity of the deeds" previously executed by the testatrix in a will contest case.

There is nothing in the new statutes granting original jurisdiction in will contests to circuit court limiting the issues as was formerly the case. KRS 24A.120(2) grants circuit court original jurisdiction over "matters involving probate" where "contested in an adversary proceeding." Respondent claims that the only way that circuit court gets jurisdiction of a will contest case is by virtue of KRS 394.240(1), which specifies that a "person aggrieved by the action of the district court in admitting a will to record or rejecting it may bring an original action in the circuit court of the same county to contest the action of the district court." But we view KRS 394.-240 and 24A.120(2), both enacted as part of the judicial revisions in 1976, as complementary rather than inconsistent, and we view the circuit court exercise of continuing jurisdiction to decide the validity of testamentary documents other than and in addition to the ones probated in district court as both jurisdictionally and procedurally appropriate in present circumstances.

CR 18.02, "Dependent Claims," provides:

"Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him, without first having obtained a judgment establishing the claim for money."

The example given in the above Rule, covering both a "claim for money and a claim to have set aside a conveyance fraudulent as to him" in the same action,

presents a situation similar to present circumstances.

The movants freely acknowledge that before the change in the nature of circuit court jurisdiction in cases of this nature in 1976, the only issue which could be appealed and tried in circuit court was whether the county court had erred in admitting or refusing probate of a particular testamentary document. But the movants urge us to recognize that fundamental change has occurred by reason of the 1976 constitutional amendment and supporting legislation so that now these multiple claims involving related subject matter can properly be disposed of in a single case. What we have said in our earlier discussion of the new judicial amendment and statutes in 1976, and the Kentucky Rules of Civil Procedure, applies here. Construed as a whole, and as an integrated system, they support the way in which the trial court conducted a combined trial covering not only the three testamentary documents that the respondent offered for probate but also the three previous documents executed in her favor while the decedent was in her care and the *inter vivos* gifts made during the same period. The trial court's decisions were both within the court's jurisdiction and procedurally correct.

It is no answer to say the old way should not be changed. The new way serves important judicial values involving efficiency, economy, consistency of results and a full consideration of evidence related to both claims and defenses.

The decision of the Court of Appeals is reversed. The judgment of the trial court is affirmed.

STEPHENS, C.J., and COMBS and SPAIN, JJ., concur.

LAMBERT, J., dissents by separate opinion in which REYNOLDS and WINTERSHEIMER, JJ., join.

LAMBERT, Justice, dissenting.

The scholarly opinion of the majority has addressed a number of questions which are unnecessary to the decision in this case, but failed largely to address the question

which is central to the case. Simply stated, the question is whether the failure of a party attacking the validity of a will to name all beneficiaries of the will as parties to the litigation is fatal to the action.

Since at least 1911, the courts of this Commonwealth have consistently answered the foregoing question in the affirmative (*Scott v. Roy*, 144 Ky. 99, 137 S.W. 858 (1911); *Security Trust Co. v. Swope*, 274 Ky. 99, 118 S.W.2d 200 (1938); *McComas v. Hull*, 274 Ky. 192, 118 S.W.2d 540 (1938); *Russell v. Grumbley's Executor*, 290 Ky. 57, 160 S.W.2d 321 (1942)) and despite its manifest scholarship, the majority opinion contains not one citation of Kentucky authority to the contrary. Moreover, the three most widely used treatises on Kentucky probate law confidently confirm the rule that all beneficiaries under the will must be parties. In R. Noe, KENTUCKY PROBATE METHODS § 1.34 (1976), the proposition is stated as follows:

"All necessary parties must be made parties to the action by the appellant and served with process or by warning order.

'Necessary' parties are those parties in whose favor the probate court adjudged. Thus, when the will had been admitted to probate in the county court, all beneficiaries under the will are necessary parties. Also, all persons who would have been interested in the testator's estate had there been no will must be made parties in order to avoid vexatious litigation in regard to the will."

Similarly, 2 J. Merritt, KENTUCKY PRACTICE, PROBATE PRACTICE AND PROCEDURE § 1258 (2d ed. 1984), states:

"When a will contest is brought by filing an original action in the circuit court, the statute provides that 'all necessary parties' shall be brought before the court by the plaintiff. There have been no decisions under this statute on this point since it was amended to reflect the new court structure, but the language about necessary parties is the same and should be interpreted the same way.

'Necessary parties' are those who benefit from the probate judgment and would be interested in having it sus-

tained; necessary parties do not include those against whose interest the judgment was rendered and who would be interested in vacating the judgment.

If the appeal is from an order admitting a will to probate, it is certain that all the devisees and legatees are necessary parties and must be brought before the court regardless of the interest of any of the individuals of that group. An executor who has qualified is a necessary party defendant."

Finally, Schmitt, KENTUCKY PROBATE § 10.1 (1980), bluntly declares:

"Such an action may be brought by any heir who is aggrieved by the probate of the will. Beneficiaries under the will and all other necessary parties should be brought before the court."

The majority opinion has rewritten settled law with respect to who must be named as defendants in will contest litigation. The majority has now determined that a party attacking the validity of a will may pick and choose among beneficiaries, omitting from the litigation those who may be sympathetic and concentrating entirely upon those who appear to be otherwise.

The validity of a will should be determined by its totality. One provision of a will may not be declared invalid while another is upheld. It is the will and the circumstances which attended its execution which should be the focus of the litigation, not what parties are included and excluded. By the procedure authorized by the majority, however, the focus will be diverted. By omitting certain parties, the contestant can, in effect, permit the jury to rewrite the will invalidating those bequests which it deems inappropriate, safe in the knowledge that proper bequests have been or will be satisfied.

This is a classic example of the oft-repeated phrase that hard cases make bad law. Clearly, respondent, Irene Goldstein, is an unsympathetic party as she appears and was found by the jury to have exercised undue influence upon the decedent. Despite this, we should not abandon settled rules of law merely to correct what we perceive to be an improper result by the

Court of Appeals. That Court applied settled law to the facts presented and achieved a correct, albeit unpleasant, result. By our reversal of the Court of Appeals, what has heretofore been clear is now rendered uncertain and a path has been paved for manipulative, vexatious and multiplicitous will contest lawsuits.

REYNOLDS and WINTERSHEIMER, JJ., join in this dissenting opinion.